W. Howard McCORMACK, Appellee,

v.

⋆ AIR CENTER, INC., Appellant.

No. 50487.

Supreme Court of Oklahoma.

Oct. 18, 1977.

Rehearing Denied Dec. 8, 1977.

John Connolly, Oklahoma City, for appellee.

Tomerlin, High, Patton & Rothbaum by Larry D. Patton, Oklahoma City, for appellant.

BARNES, Justice:

Two questions of first impression are presented in this case: (1) Whether 49 U.S.C., § 1403, et seq., as an exercise of preemptive jurisdiction of the United States Government, supersedes all inconsistent and conflicting State laws governing the proper place for the filing of an instrument which affects title to, or any interest in, an aircraft operated within the United States; and (2) whether the requirement of 42 O.S.1971, § 98, that a written lien statement be filed in order to perfect a lien

claimed, pursuant to the provisions of 42 O.S.1971, § 97, is a procedural requirement for perfection of a lien, and not a substantive element of entitlement to a claim of lien.

The facts in this case are undisputed. Defendant-Appellant, Air Center, Inc., engaged in the aviation service and repair business in Oklahoma City, Oklahoma, furnished certain goods, services and materials for the improvement, alteration and repair of a certain aircraft, Aero Commander Aircraft, Model 1121, Serial No. S/N47, Registration No. N222GL. The registered owner of the aircraft failed and refused to pay for those services. Appellant thereafter filed its claim of a statutory mechanic's and materialman's lien (42 O.S.1971, § 97) against the subject aircraft within 60 days from the last date upon which goods and services were furnished, by causing the same to be filed at the Title Registry Division, Federal Aviation Administration (FAA), Oklahoma City, Oklahoma, and indexed against the subject aircraft.

Appellant's lien statement was filed with FAA on October 24, 1974. On October 31, 1974, Appellant filed suit against the registered owner of the aircraft to foreclose its lien thereon. While foreclosure proceedings were pending, Plaintiff-Appellee, W. Howard McCormack, acquired title to the subject aircraft from the registered owner by Bill of Sale dated April 18, 1975, and recorded the same at FAA on April 24, 1975.

Appellee was made a party defendant to the pending foreclosure proceedings, but before answering therein Appellee filed a separate quiet title suit against the Appellant, seeking to remove the purported mechanic's and materialman's lien on the subject aircraft from the FAA records as a cloud upon Appellee's title.

Appellant timely filed its lien statement at the FAA Title Registry, in reliance upon 49 U.S.C., § 1403, but no filing was made by Appellant at the office of the County Clerk of Oklahoma County, where the property was located at the time the lien arose. Despite Appellant's failure to file its lien in the County Clerk's office, it is undisputed that Appellant had a lienable claim against the aircraft, pursuant to 42 O.S.1971, § 97.

Both parties filed Motions for Summary Judgment. The Trial Court found there were no matters of dispute as to any material fact or issue and that the cause could be disposed of as a matter of law. The Trial Court concluded that the purported mechanic's and materialman's lien in favor of Appellant, dated October 24, 1974, and recorded as FAA Document No. 045657, was invalid and of no legal force and effect, was not a lien perfected under Oklahoma law since not filed with the office of the County Clerk as required by 42 O.S.1971, §§ 97, 98, et seq., and that Appellee was the legal owner of the airplane. The Trial Court quieted title in the Appellee and cancelled and removed as a cloud on the title the Appellant's mechanic's and materialman's lien recorded at FAA.

Appellant brings this appeal asserting under its first proposition that 49 U.S.C., § 1403, is an exercise of the preemptive jurisdiction of the U.S. Government which supersedes all inconsistent or conflicting State laws governing the proper place for filing of an instrument which affects title to or any interest in an aircraft operated within the United States. Appellant contends the Trial Court should have held that the place of filing, as set forth in 42 O.S. 1971, § 98, was necessarily superseded and supplanted by the place of filing prescribed by the provisions of 49 U.S.C., § 1403.

Title 49 U.S.C.A., § 1403, provides in material part as follows:

"(a) The Secretary of Transportation shall establish and maintain a system for the recording of each and all of the following:

"(1) Any conveyance which affects the title to, or any interest in, any civil aircraft of the United States;

\* \* \* \* \* \*

"(c) No conveyance or instrument the recording of which is provided for by subsection (a) of this section shall be valid in respect of such aircraft, aircraft engine or engines, propellers, appliances, or

spare parts against any person other than the person by whom the conveyance or other instrument is made or given, his heir or devisee, or any person having actual notice thereof, until such conveyance or other instrument is filed for recordation in the office of the Secretary of Transportation: * * *.

"(d) Each conveyance or other instrument recorded by means of or under the system provided for in subsection (a) or (b) of this section *shall from the time of its filing for recordation be valid as to all persons without further or other recordation,* * * *." (Emphasis ours)

Appellant relies on a number of cases, including *State Securities Company v. Aviation Enterprises, Inc.,* 355 F.2d 225 (10th Cir. 1966), a case arising from Kansas, in which the Court said:

> "*By providing a federal system for registration of conveyances and liens affecting the title to aircraft, Congress has preempted that field and state recording statutes are not applicable to such title instruments.* However, questions of the validity of such title documents, actual notice, good faith purchaser status, and the like, must be resolved under state law." (Emphasis ours)

See also the Annotation, Construction and Effect of 49 U.S.C., § 1403, Governing Recordation of Ownership, Conveyances and Encumbrances on Aircraft, 22 A.L.R.3d 1270, which provides at page 1275:

> "The view has been taken in some of the cases construing the provisions of 49 U.S.C. § 1403 and the similar provisions of the Civil Aeronautics Act of 1938, that Congress by enacting a federal statute dealing with the recordation of conveyances and encumbrances affecting aircraft has pre-empted the field and has consequently supplanted state statutes as they might affect the recording of such interests."

We think there is merit to Appellant's argument. We find persuasive the case of *Texas National Bank of Houston v. Aufderheide,* 235 F.Supp. 599, 603 (E.D.Ark.1964), in which the court stated:

> "There is no question that the Congress by the statutory enactments which have been mentioned has preempted the field of registration and recording of title instruments affecting commercial aircraft, *Pacific Financial Corporation v. Central Bank & Trust Co.,* 5 Cir., 296 F.2d 68, 71, *so that protection is no longer afforded to a purchaser or mortgagee of such an aircraft by a recording of his conveyance or mortgage under a State recording statute.*" (Emphasis ours)

The court further said therein:

> "The right of Congress to legislate in the field of registration of aircraft and to provide for the recordation of liens upon or conveyances of such craft is not questioned; and the validity as to third persons of conveyances or instruments affecting the title to aircraft, and *the* relative *rights of claimants* to such aircraft, to the extent that such rights are *dependent upon the fact* or time *of recordation of conveyances or other instruments, are matters which are governed by the federal statute rather than by local law.* * * (cases cited)." (Emphasis ours)

On the other hand, Appellee argues that in order to perfect a lien claim pursuant to the Oklahoma statutes, 42 O.S.1971, §§ 97, 98, one must first file in the office of the County Clerk in the County in which the property is located, and then file with the FAA.

Title 42 O.S.1971, § 97, provides as follows:

> "Any person, firm or corporation who furnishes labor, money, material or supplies for the production of, altering or repairs of any personal property at the request of the owner of said property, shall have a lien for the value of his money, labor, material or supplies upon said personal property as provided for in section 2 of this Act. Lien to date from commencement of furnishing of labor, money, material or supplies."

Title 42 O.S.1971, § 98, provides:

> "Any person entitled to a lien under this act, *shall within sixty days after last*

*furnishing* of labor, money, material or supplies for the production of, altering or repairing of said personal property, *file in the office of the County Clerk of the County in which the property is situated* a statement in writing verified by oath, showing the amount of labor, money, material or supplies furnished for the producing of, altering or repairing of said personal property, the name of the person for, and by whom labor, money, material or supplies, was furnished; unless the person entitled to such lien shall file such statement within the time aforesaid, he shall be deemed to have waived his rights thereto; Provided, that the lien provided for in this act shall not attach to any personal property after it has been purchased by an innocent purchaser for value, and has passed into his possession unless the lien shall have been filed with the County Clerk of the County before the property was purchased by such purchaser, or he shall have received written notice, from the party entitled to the lien, of his intention to file the same." (Emphasis ours)

Appellee relies on Section 506 of the Federal Aviation Act, (49 U.S.C., § 1406), which provides the validity of any instrument, the recording of which is provided for by Section 503 of the Act (49 U.S.C., § 1403), shall be governed by the laws of the State in which such instrument is delivered. Appellee notes five States have passed special statutes relative to recording of liens against aircraft. New York, Colorado and California have passed special statutes which have to do with mortgages on aircraft, and in Florida and Virginia all liens are perfected by special statute by filing the lien with FAA. Appellee then urges that since Oklahoma has not passed such a special statute, liens can only be perfected by following 42 O.S.1971, §§ 97 and 98, before filing with FAA.

We note Appellee admits in its brief, "The Federal recording statute, 49 U.S.C., § 1403, has preempted the filing of all instruments pertaining to Aircraft, whether such instruments be valid or invalid." Appellee further adds that the instruments'

"validity must be determined under the state law, as the Trial Court did in this case." It is to be noted that the very Federal authorities relied on by Appellee, such as *Texas National Bank of Houston v. Aufderheide, supra,* and *Feldman v. Philadelphia National Bank,* 408 F.Supp. 24 (E.D. Pa.1976), recognize State recording statutes as statutes which are preempted by the Federal Act, § 1403, supra, as to recordation of liens affecting title to aircraft.

■ Appellee misconstrues the provisions of 49 U.S.C., § 1406, providing the validity of liens affecting title to aircraft is to be determined by the law of the State in which the instrument is delivered. In reviewing 42 O.S.1971, § 98, supra, we note that it is procedural in nature, requiring filing and recordation of a lien statement for perfection of a claimed lien pursuant to 42 O.S. 1971, § 97, as opposed to the substantive elements set forth in § 97, which give rise to the lien. Apparently, the Trial Court concluded the requirement of filing and place of recordation to be substantive law of Oklahoma, thus subject to the rule of 49 U.S.C., § 1406. We do not agree.

■ Based on our review of the statutes and case law, we conclude that the provisions of 49 U.S.C., § 1403, are preemptive in the filed of the proper place for filing and recording for all written instruments affecting title to aircraft. Because of their preemptive nature, they necessarily supersede and supplant inconsistent State recording statutes, such as § 98, supra. Therefore, upon filing of Appellant's lien statement with FAA pursuant to the Federal statute, no further filing was required to perfect the Appellant's claim of lien. The Trial Court erred in holding Appellant was required to file at the office of the County Clerk of Oklahoma County within the statutory period in order to perfect its claim of lien.

This decision is in conformity with the mandate of the Federal statute that such an instrument:

"  .   .   . *shall* from the time of its filing for recordation be valid as to all

persons *without further or other recordation . . . ."* 49 U.S.C., § 1403. (Emphasis ours)

For these reasons, the questions presented herein must both be answered in the affirmative. The decision of the Trial Court is reversed and cause remanded to the lower court with instructions that judgment be entered in favor of the Appellant, Air Center, Inc., and against Appellee McCormack.

All costs and attorney's fees, including costs of attorney's fees on appeal, are to be taxed in favor of Appellant and against Appellee.

REVERSED AND REMANDED WITH INSTRUCTIONS.

All the Justices concur.