**Debora BALFOUR, D.C. d/b/a Chickasha Chiropractic Clinic, Appellant,**

v.

**Holly K. JACOBS, and Farmers Insurance Company, Appellees,**

and

**Ralph Daniel Johnson, Defendant.**

No. 81082.

Court of Appeals of Oklahoma, Division No. 3.

Dec. 28, 1993.

---

Donald H. Horn, Chickasha, for appellant,

Harris A. Phillips, William D. Pettigrew, Niemeyer, Noland & Alexander, Oklahoma City, for appellees.

## OPINION

GARRETT, Judge:

Debora Balfour, D.C., d/b/a Chickasha Chiropractic Clinic (Appellant or Doctor) provided medical services to Ralph Daniel Johnson (Johnson). Johnson had been involved in a car accident with Holly K. Jacobs (Jacobs or Appellee). Doctor brought this action against Johnson, Jacobs and Farmers Insurance Company (Farmers or Appellee). Doctor alleged she filed a physicians lien pursuant to 42 O.S.1991 § 46; it was properly perfected; Farmers was Jacobs' liability insurance carrier; and, she was entitled to foreclose her lien against Appellees.

Farmers and Jacobs filed a special appearance and motion to dismiss. They contended the petition did not state facts which would support a claim for relief against them. The trial court sustained the motion to dismiss. Doctor Balfour appeals.

Doctor relies on 42 O.S.1991 § 46, which provides:

A. Every physician who performs medical services for any person injured as a result of the negligence or act of another, shall, if the injured person asserts or maintains a claim against such other person for damages on account of such injuries, have a lien for the amount due for such medical services upon that part going or belonging to the injured person of any recovery or sum had or collected or to be collected by the injured person, or by his heirs, personal representative, or next of kin in the event of his death, whether by judgment, settlement, or compromise. Such lien shall be inferior to any lien or claim of any attorney handling the claim for or on behalf of the injured person. The lien shall not be applied or considered valid against any claim for amounts due pursuant to the provisions of Title 85 of the Oklahoma Statutes.

B. In addition to the lien provided for in subsection A of this section, every physician who performs medical services for any person injured as a result of the negligence or act of another, shall have, if the injured persons asserts or maintains a claim against an insurer, a lien for the amount due for such medical services upon any monies payable by the insurer to the injured person.

C. No lien which is provided for in this section shall be effective unless, before the payment of any monies to the injured persons, his attorney, or legal representative as compensation for such injuries or death:

1. A written notice is sent setting forth an itemized statement of the amount claimed, identifying the insurance policy or policies against which the lien is asserted, if any, and containing the name and address of the physician claiming the lien, the injured person, and the person, firm, or corporation against whom the claim is made is filed on the mechanic's and materialman's lien docket in the office of the county clerk of the county where the principal office of the physician is located; and

2. The physician sends, by registered or certified mail, postage prepaid, a copy of such notice with a statement of the date of filing thereof to the person, firm, or corporation against whom the claim is made and to the injured person. The

physician shall also send a copy of the notice to the attorney for the injured person, if the name and address of such attorney is known to the physician.

D. The liens provided for in this section may be enforced by civil action in the district court of the county where the lien was filed. Such an action shall be brought within one (1) year from the time of the filing of the lien with the county clerk. The practice, pleading, and proceedings in the action shall conform to the rules prescribed by the Oklahoma Pleading Code to the extent applicable.

Section 46 gives the physician a lien on any funds "had or collected, or to be collected" by the "injured person", if "the injured person asserts or maintains a claim against such other person for damages on account of such injuries". The lien is on "any recovery or sum had or to be collected by the injured person . . . whether by judgment, settlement, or compromise". Johnson had filed an action against Jacobs in another jurisdiction. That action and the alleged injuries arose out of the same incident which caused the medical services to be furnished. Johnson was asserting and maintaining a "claim" against Jacobs.

At common law this physician's lien did not exist. In *Riffe Petroleum Co. v. Great National Corp., Inc.,* 614 P.2d 576 (Okl.1980), the Court said:

Liens can be created either by contract or by law. A statutory lien . . . stands in derogation of the common law. It must hence be strictly confined to the ambit of the enactment giving it birth. A lien that is not provided for by the clear language of the statute cannot be created by judicial fiat.

It is clear that section 46 gives Doctor a lien on any sum collected or to be collected. Strict construction is the rule when considering the existence of a statutory lien. However, once it is determined that a lien exists, the enforcement procedure may be liberally applied. *Riffe,* supra. The precise issue being considered appears to be one of first impression in Oklahoma. We hold the enforcement procedure should be liberally construed so that the intention of the Legislature will be given effect.

Appellees contend, and the trial court apparently agreed, there cannot be any lien or foreclosure of a lien, until the claimant obtains a judgment. Also, Appellees contend the alleged tortfeasor and her insurance company cannot be made a party to an action to foreclose the lien. They overlook at least one salient point, which is: the word, "foreclosure" does not appear in section 46.

The statute provides that liens may be enforced by a civil action in the District Court of the county where the lien was filed. Such action "shall be brought within one (1) year from the time of filing of the lien with the county clerk." If we were to agree with Appellees, then the lien could be defeated by the parties by simply waiting until the one year limitation period elapsed. The purpose of the statute would be thwarted.

We hold the physician must commence an action in the District Court of the county where the lien is filed, to enforce the lien created by section 46, within one year from the date the lien is filed. The action may be a foreclosure type of action or an action to obtain such judgments and orders as may be reasonable and necessary to enforce the lien immediately or at such time in the future as the claim is reduced to judgment, or settled, or compromised. The judgment or orders shall have for their purpose the enforcement of the lien and the prevention of evasive action to defeat or avoid its effect. Proper parties shall include, but not be limited to the claimant, the alleged tortfeasor and her liability insurance carrier. If the claimant has filed an action on the "claim" in the county where the lien was filed, the lien holder may seek to enforce the lien in the case commenced by the claimant, or may seek enforcement in an independent action.

It follows that the trial court erred in sustaining the motion to dismiss. This case

is reversed and remanded for such further proceedings as are necessary or proper, and which are consistent with this opinion.

The issue of attorney fees is premature. The trial court's order in this respect is vacated without prejudice to the matter being considered at such time as the action is finally concluded.

REVERSED AND REMANDED.

HUNTER, P.J., and BAILEY, J., concur.