2009 OK 79

Steve R. WHITE, an individual and Nikki L. White, an individual, Plaintiffs/Respondents,

v.

HENG LY LIM and Rachel Sunnora Lim, husband and wife, as individuals as well as Trustees of the Rachel S. Lim Revocable Living Trust dated November 9, 2002, Defendants/Respondents,

and

Karla Yates, as an individual, and Action Real Estate, L.L.C., an Oklahoma Corporation, Defendants/Petitioners.

Nos. 107,068, 107,054.

Supreme Court of Oklahoma.

Oct. 13, 2009.

Michael C. Woodward, Woodward & Guten, PLLC, Tulsa, OK, for plaintiffs/respondents, Steve R. White and Nikki L. White.

Ronald D. Cates, Tulsa, OK, for defendants/respondents, Heng Ly Lim and Rachel Sunnora Lim.

W. Michael Hill, Don W. Danz, Richard C. Honn, Benjamin J. Oxford, Secrest, Hill & Butler, Tulsa, OK, for defendants/petitioners, Karla Yates and Action Real Estate, L.L.C.

WATT, J.

¶1 The language of 60 O.S. Supp.2003 § 837 [1] provides that: the "sole and exclusive civil remedy at common law or otherwise" under the Residential Property Condition Disclosure Act (Disclosure Act), 60 O.S.2001 § 831, *et seq.* "shall be an action for actual damages;" awards "shall not [2] include the remedy of exemplary damages"; and the Disclosure Act "applies to, regulates and determines rights, duties, obligations and remedies at common law or otherwise ... and supplants and abrogates all common law liability, rights, duties, obligations and remedies...." The consolidated causes present a single issue of statutory construction: whether the quoted language limits a purchaser's

---

1. Title 60 O.S. Supp.2003 § 837 providing in pertinent part:

   "A. The purchaser may recover in a civil action only in the event of any of the following: ... 2. The failure of the seller to disclose in the disclosure statement or any amendment provided to the purchaser a defect which was actually known to the seller prior to acceptance of an offer to purchase; or 3. The failure of the real estate licensee to disclose to the purchaser any defects in the property actually known to the real estate licensee prior to acceptance of an offer to purchase and which were not included in the disclosure statement or any amendment provided to the purchaser.
   B. The sole and exclusive civil remedy at common law or otherwise for a failure under subsection A of this section by the seller or the real estate licensee shall be an action for actual damages, including the cost of repairing the defect suffered by the purchaser as a result of a defect existing in the property as of the date of acceptance by the seller of an offer to purchase and shall not include the remedy of exemplary damages....
   D. In any civil action brought under this act, the prevailing party shall be allowed court costs and a reasonable attorney fee to be set by the court and to be collected as costs....
   F. This act applies to, regulates and determines rights, duties, obligations and remedies at common law or otherwise of the seller, the real estate licensee and the purchaser with respect to disclosure of defects in property and supplants and abrogates all common law liability, rights, duties, obligations and remedies therefore."

2. Although the terms shall and shall not may take on a permissive connotation, when utilized by the Legislature, they generally signify a directive or command. See, *In re Harris*, 2002 OK 35, ¶21 and fn. 31, 49 P.3d 710; *United States Through Farmers Home Admin. v. Hobbs*, 1996 OK 77, fn. 16, 921 P.2d 338.

recovery for failure to disclose defects in residential property to those damages allowed under the Disclosure Act?[3]

■ ¶2 This cause is before the Court pursuant to a certified interlocutory order[4] to which certiorari has been granted. Upon a *de novo* review of the legal question presented,[5] we determine that the mandatory, clear, and unmistakable language of 60 O.S. Supp.2003 § 837 limits the right of a purchaser[6] to recover for failure to disclose known defects in residential property to those provided in the Disclosure Act which expressly prohibits awards for exemplary damages.

¶3 Our holding is supported by the amendatory language of the Disclosure Act enacted after this Court's pronouncement in *Rogers v. Meiser*, 2003 OK 6, 68 P.3d 967

3.  The order of the trial court, filed on April 15, 2009, entitled "Journal Entry," providing in pertinent part:
    "... 4. The Court finds that an issue raised in the aforementioned Motion for New Trial as well as the Motion For Protective Order of the Lims pertaining to the applicability of the Residential Property Condition Disclosure Act, 60 O.S. § 801 *et seq.*, in particular, the question of whether the provisions of Section 837 of the Residential Property Condition Disclosure Act, 60 O.S. 801 et seq. preclude the remedy of exemplary damages in actions of this nature, affects a substantial part of the merits of this controversy and an immediate appeal from that order may materially advance the ultimate termination of the litigation...."
    The Whites' argument that their claims are exempt from the Disclosure Act because the sellers acted as fiduciaries in making the transfer is not before us as an issue certified for interlocutory review by the trial court. Title 60 O.S.2001 § 838 providing in pertinent part:
    "A.  This act does not apply to:
    ... 3.  Transfers by a fiduciary **who is not an owner occupant of the subject property** in the course of the administration of a decedent's estate, guardianship, conservatorship or trust ..." [Emphasis provided.]
    The Lims contend that they "occupied the residential real estate prior to the sale thereof" making the sale of the residential property subject to the Disclosure Act's provisions despite their status as trustees. Reply of Petitioners Heng Ly Lim and Rachel Sunnora Lim, filed on August 10, 2009. Nevertheless, in their Motion for Summary Judgment, filed in the District Court on May 22, 2008, they state that "[t]he real property that the Whites were interested in had not been occupied since October of 2004." The Whites' rely on *Mamoodjanloo v. Wolf*, 2008 OK CIV APP 59, 190 P.3d 1170 in which common law claims were found to be applicable where the purchaser knew that the trustees were acting as trustees and were not owners/occupants of the property. [Opinions released by the Court of Civil Appeals are persuasive only and lack precedential effect. Rule 1.200, Supreme Court Rules, 12 O.S.2001, Ch. 15, App. 1; 20 O.S.2001 §§ 30.5 and 30.14. *MLC Mortgage Corp. v. Sun America Mortgage Co.*, 2009 OK 37, fn. 2, 212 P.3d 1199; *McQueen, Rains & Tresch, LLP v. Citgo Petroleum Corp.*, 2008 OK 66, ¶23, 195 P.3d 35.] Although the Whites insist that the Lims acted "primarily as

trustees" and that the concealment was made "in their trustee capacity," they do not assert that the Lims were not owner occupants of the subject property within the meaning of 60 O.S.2001 § 838, this note, supra. Response to Petitioners Application for Assumption of Original Jurisdiction and Petition for Writ of Prohibition and Brief in Support, filed on May 26, 2009 at p. 5 and Response to Petitioner's Brief in Chief by Plaintiffs/Respondents Steven R. White and Nikki L. White, filed on August 12, 2009 at p. 7, respectively.

4.  Title 12 O.S.2001 § 952(b)(3) providing in pertinent part:
    "(b) The Supreme Court may reverse, vacate or modify any of the following orders of the district court, or a judge thereof:
    3.  Any other order, which affects a substantial part of the merits of the controversy when the trial judge certifies that an immediate appeal may materially advance the ultimate termination of the litigation, provided, however, the Supreme Court, in its discretion, may refuse to hear the appeal...."

5.  Issues of statutory construction are questions of law which the Supreme Court reviews *de novo* and over which we exercise plenary, independent, and non-deferential authority. *Welch v. Crow*, 2009 OK 20, ¶10, 206 P.3d 599; *Stump v. Cheek*, 2007 OK 97, ¶9, 179 P.3d 606; *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶8 and fn. 5, 33 P.3d 302.

6.  To the extent possible, parties and other designations are referred to as defined by 60 O.S.2001 § 832 providing in pertinent part:
    "As used in this act:
    ... 2.  'Seller' means one or more persons who are attempting to transfer a possessory interest in property and who are either:
    a.  represented by a real estate licensee ...
    3.  'Purchaser' means one or more persons who are attempting to acquire a possessory interest in property;
    4.  'Real estate licensee' means a person licensed under the Oklahoma Real Estate License Code ...
    8.  'Property' means residential real property improved with not less than one nor more than two dwelling units ..."

construing the prior version of the same statute [7] as an insufficient expression of legislative intent to supplant or abrogate a common law actual fraud claim or to preclude the award of punitive damages. It is also material that in amending the Disclosure Act, the Legislature utilized language identified by this Court as sufficient to abrogate all common law claims. Although the reasoning of *Rogers* was correct under the then-existing statute, it is not in accord with the expression of legislative intent in the amended statutory language and is overruled.

## FACTS

¶ 4 This cause arises out of the purchase and sale of a single-family residence (residence/property) located in Oologah, Rogers County, Oklahoma. The sale closed on June 11, 2006. The purchasers filed suit against the sellers and the agents in November of the same year alleging that the property had extensive termite damage and that the condition of the property had been misrepresented in the disclosure statement and in oral communications. The Whites sought relief on grounds of breach of contract, unjust enrichment, misrepresentation/fraud, violation of the Disclosure Act, and deceit. In the alternative, the Whites requested rescission of the contract, asserting claims for negligence and breach of fiduciary duty. The purchasers sought recovery of actual and punitive damages.

¶ 5 In their answer of December 15, 2006, the sellers issued a general denial of all allegations. They also argued that all the Whites' claims were governed exclusively by the Disclosure Act.

¶ 6 In February of 2008, the purchasers issued their second discovery request. The purchasers sought production of financial records including tax returns and financial statements beginning with those dated January 1, 2004, and monthly statements for all financial accounts for the years 2006 through 2008. In response to the request, the sellers filed a motion for a protective order along with motions for summary judgment or partial summary judgment. They argued that the purchasers' exclusive recovery was governed by the Disclosure Act which limited recovery to actual damages making the discovery of financial records inappropriate. The sellers' motion for summary judgment was denied, and the Lims' filed a motion for new trial. While the new trial motion was pending, the purchasers filed a motion to compel the production of the earlier requested financial records. On October 29, 2009, the agents filed a motion for summary judgment joining in the sellers' argument that punitive damages were not recoverable under the Disclosure Act. The trial judge heard argument on the motions to compel discovery, new trial, and summary judgment on January 14th, 2009. In an order filed on April 15, 2009, the trial court sustained the discovery motion and overruled the motions for new trial and summary judgment. Additionally, the journal entry certified the issue of the award of punitive damages as appropriate for review as an interlocutory order.[8]

¶ 7 The sellers filed an original action in this Court on May 5, 2009, seeking a writ prohibiting the discovery of personal financial information. Three days later, the agents timely filed a petition for certiorari review of the certified interlocutory order. On June 15, 2009, we issued an order consolidating the causes, requiring preparation and transmission of the record, and setting a briefing cycle. While the briefing cycle was completed on August 19, 2009 with the filing of the sellers' and the agents' reply briefs, the record was not received until August 24, 2009.

¶ 8 **The mandatory, clear, and unmistakable language of 60 O.S. Supp.2003 § 837 limits the right of a purchaser to recover for failure to disclose known defects in residential property to those provided in the Residential Property Condition Disclosure Act (Disclosure Act), 60 O.S.2001 § 831,** *et seq.* **which expressly prohibits an award of exemplary damages.**

¶ 9 The sellers and the agents assert that the only reasonable interpretation of the

---

7. Title 60 O.S.2001 § 867, see note 11, infra.

8. See note 3, supra.

language of 60 O.S. Supp.2003 § 837[9] is that the Legislature intended that representations regarding the condition of the sale of residential property be governed exclusively by the Disclosure Act which limits recovery to actual damages while expressly prohibiting awards of exemplary damages. The purchasers concede that only actual damages may be recovered under § 837.[10] Petitioners **neither** intimate **nor** argue that the legislative exclusion from recovery of exemplary damages rests on some constitutional infirmity. Nevertheless, the Whites assert that their common law claims are independent of anything contained in the disclosure statement and, instead, refer to the sellers' actions and assurances allegedly made before and after delivery of the statement. We disagree with the purchasers' contention that they may maintain an action independent of the Disclosure Act.

### 1) Significance of amendment of statutory language following the pronouncement in *Rogers v. Meiser.*

¶ 10 The Whites rely heavily on this Court's pronouncement in *Rogers v. Meiser*, 2003 OK 6, 68 P.3d 967, for the proposition that their common law claims are not prohibited by the Disclosure Act. In *Rogers*, as here, the purchasers alleged that although the sellers had acknowledged a problem with the property in the disclosure statement, they also indicated that the issue had been alleviated before the sale. Upon discovery of flooding issues affecting the residence, the purchasers sued the sellers on grounds of fraud and for violation of the Disclosure Act. We allowed the purchasers to pursue their common law claims in *Rogers;* because, at that time, the Disclosure Act did not contain language which either expressly or by implication could be interpreted as a legislative intent to supplant or abrogate a common law actual fraud claim or to preclude the award of punitive damages.[11] In so doing, we identified legislative language in other statutory provisions that unambiguously expressed an intent to abrogate or supplant a common law claim or remedy as that which specifically stated that the liability would be exclusive and in place of all other liability "at common law or otherwise." [12]

¶ 11 *Rogers* was promulgated on February 4, 2003. The Legislature amended § 837 of the Disclosure Act, the statutory provision at

**9.** Title 60 O.S. Supp.2003 § 837, see note 1, supra.

**10.** The Whites' Response to Petitioner's Application for Assumption of Original Jurisdiction and Petition for Writ of Prohibit and Brief in Support, filed on May 26, 2009, providing in pertinent part at p. 4:

"... Respondent Whites are not arguing with the interpretation that only actual damages are available under 60 O.S. § 837 for a violation of the RDCA.... This, however, only applies to the handling and information provided in the disclosure statement itself and has nothing to do with any independent actions and assurances made by Petitioner [sic] Lims in addition to this, that were made prior to and after the disclosure statement was prepared and submitted...."

See, also, the Whites' Response to Petitioner's Brief in Chief, filed on August 12, 2009, pp. 5–6 making the same arguments and concessions regarding the Disclosure Act.

Admissions in a brief may be regarded as a supplement to the appellate record. *Tyler v. Shelter Mut. Ins. Co.*, 2008 OK 9, fn. 9, 184 P.3d 496; *Matter of Adoption of M.J.S.*, 2007 OK 43, fn. 17, 162 P.3d 200; *King v. King*, 2005 OK 4, fn. 31, 107 P.3d 570.

**11.** *Rogers v. Meiser*, 2003 OK 6, ¶ 2, 68 P.3d 967. The language considered in *Rogers*, 60 O.S.2001 § 867, provided in pertinent part:

"A. The purchaser may recover in a civil action only in the event of any of the following: 1. The failure of the seller to provide to the purchaser a disclaimer statement or a disclosure statement and any amendment prior to acceptance of an offer to purchase; 2. The failure of the seller to disclose in the disclosure statement or any amendment provided to the purchaser a defect which was actually known to the seller prior to acceptance of an offer to purchase; or ... B. The sole and exclusive civil remedy for a failure under subsection A of this section by the seller or the real estate licensee shall be an action for actual damages, including the cost of repairing the defect, suffered by the purchaser as a result of a defect existing in the property as of the date of acceptance by the seller of an offer to purchase and shall not include the remedy of exemplary damages.... F. This act applies to, regulates and determines rights, duties, obligations and remedies of the seller, the real estate licensee and the purchaser with respect to disclosure of defects in property."

**12.** *Rogers v. Meiser*, see note 11 at ¶ 18, supra.

issue in *Rogers*, effective November 1, 2003. As amended, 60 O.S. Supp.2003 § 837, specifically provides that: 1) the sole and exclusive civil remedy **at common law or otherwise under the Disclosure Act shall be actual damages and shall not include exemplary damages;** and 2) the Disclosure Act applies to, regulates and determines rights, duties, obligations and remedies **at common law or otherwise and supplants and abrogates all common law liability, rights, duties, obligations and remedies therefore.**[13]

¶ 12 The primary goal of statutory interpretation is to ascertain and, if possible, give effect to the intention and purpose of the Legislature as expressed by the statutory language.[14] Further, if the language is plain and clearly expresses the legislative will, further inquiry is unnecessary.[15] Finally, if the Legislature amends a statute whose meaning has been judicially determined, we may presume that the legislative intent was to alter the law.[16]

■ ¶ 13 Undoubtedly, by amending § 837 less than a year following the *Rogers* decision, the Legislature intended to change the law. In so doing it utilized mandatory, clear, and unmistakable language limiting the right of a purchaser to recover for failure to disclose known defects in residential property to those provided in the Disclosure Act.

Furthermore, the law-making body utilized language identified by the *Rogers* Court as demonstrating an intent to abrogate common law claims. Upon a *de novo* review of the legal question presented,[17] we determine that the mandatory, clear, and unmistakable [18] language of 60 O.S. Supp.2003 § 837 [19] limits the right of a purchaser to recover for failure to disclose known defects in residential property to those provided in the Disclosure Act.

### 2) Awards of exemplary damages are expressly prohibited under the Disclosure Act.

■ ¶ 14 Determining that the purchasers' cause is governed exclusively by the Disclosure Act leaves no need to discuss exhaustively the Whites' argument concerning the award of punitive damages. Section 837 of the current version of title 60 provides that awards made "shall not [20] include the remedy of exemplary damages." Just as it is a general rule of statutory construction that the term "shall" is mandatory, "shall not", when used in a statute, stands as a mandatory prohibition.[21]

¶ 15 Title 60 O.S. Supp.2003 § 867 [22] expressly prohibits the award of punitive damages. We need not resort to rules of statutory construction to determine that exemplary

---

**13.** Title 60 O.S. Supp.2003 § 837, see note 1, supra.

**14.** *Head v. McCracken*, 2004 OK 84, ¶ 13, 102 P.3d 670; *Balfour v. Nelson*, 1994 OK 149, ¶ 8, 890 P.2d 916, 39 A.L.R.5th 935; *Ledbetter v. Oklahoma Alcoholic Bev. Laws Enforcement Comm'n* 1988 OK 117, ¶ 7, 764 P.2d 172.

**15.** *Rout v. Crescent Public Works Auth.*, 1994 OK 85, ¶ 10, 878 P.2d 1045.

**16.** *Bruner v. Sobel*, 1998 OK 60, ¶ 9, 961 P.2d 815; *Magnolia Pipe Line Co. v. Oklahoma Tax Comm'n*, 1946 OK 113, ¶ 11, 167 P.2d 884. Where the legislative intent was previously doubtful, an amendment may be intended to clarify the statute's meaning. *American Airlines v. Hickman*, 2007 OK 59, ¶ 11, 164 P.3d 146; *Wilson v. Catoosa Public Schools*, 2007 OK 20, ¶ 11, 157 P.3d 1149; *Barnhill v. Multiple Injury Trust Fund*, 2001 OK 114, ¶ 11, 37 P.3d 890.

**17.** *Welch v. Crow*, see note 5, supra; *Stump v. Cheek*, see note 5, supra; *Samman v. Multiple Injury Trust Fund*, see note 5, supra.

**18.** *In re Harris*, see note 2, supra; *United States Through Farmers Home Admin. v. Hobbs*, see note 2, supra.

**19.** Title 60 O.S. Supp.2003 § 837, see note 1, supra.

**20.** Although the terms shall and shall not may take on a permissive connotation, when utilized by the Legislature, they generally signify a directive or command. See, *In re Harris*, see note 2, supra; *United States Through Farmers Home Admin. v. Hobbs*, see note 2, supra.

**21.** *Jordan v. State*, 1988 OK CR 227, 763 P.2d 130; *Tull v. Commissioner of Dept. of Public Safety*, 2008 OK CIV APP 10, ¶ 8, 176 P.3d 1227, cert. denied (2008).

**22.** Title 60 O.S. Supp.2003 § 867, see note 1, supra.

damages may not be awarded under the Disclosure Act's statutory language.

## CONCLUSION

■ ¶ 16 The Legislature has the power to change, alter, or amend a statute.[23] Its intent in amending a statute may be ascertained by looking to the circumstances surrounding the amendment.[24] This Court may not, through judicial fiat, change, modify, or amend the expressed intent of the Legislature.[25]

¶ 17 The Legislature's intent that the Disclosure Act be the exclusive vehicle for recovery where misinformation is communicated in the sale of residential property is clearly stated in the amendatory language of 60 O.S. Supp.2003 § 867.[26] The statute unmistakably prohibits awards of exemplary damages. Instructed by the Legislature's declared intent, we hold that the mandatory, clear, and unmistakable language of 60 O.S. Supp.2003 § 837 limits the right of a purchaser to recover for failure to disclose known defects in residential property to those provided in the Disclosure Act which expressly prohibits awards for exemplary damages. The cause is reversed and remanded for further proceedings consistent with the determinations made herein.

**REVERSED; CAUSE REMANDED.**

**ALL JUSTICES CONCUR.**

---

**23.** *Movants to Quash Multicounty Grand Jury Subpoena v. Dixon,* 2008 OK 36, ¶ 22, 184 P.3d 546; *Tate v. Logan,* 1961 OK 136, ¶ 26, 362 P.2d 670.

**24.** *Barnhill v. Multiple Injury Trust Fund* 2001 OK 114, ¶ 11, 37 P.3d 890.

**25.** *Minie v. Hudson,* 1997 OK 26, ¶ 12, 934 P.2d 1082; *Copeland v. Stone,* 1992 OK 154, ¶ 11, 842 P.2d 754; *Fuller v. Odom,* 1987 OK 64, ¶ 9, 741 P.2d 449

**26.** Title 60 O.S. Supp.2003 § 867, see note 1, supra.