2008 OK CIV APP 76

**Doug and Samantha MOORE, Husband and Wife, Plaintiffs/Appellants,**

**v.**

**Adrienna R. WILLIAMS, an individual, and OklaHomes Realty, an Oklahoma company, Defendants/Appellees,**

**and**

**John G. Goggins and Nancy A. Goggins, Husband and Wife, Defendants.**

**No. 105,307.**

Court of Civil Appeals of Oklahoma, Division No. 3.

June 20, 2008.

Rehearing Dismissed July 25, 2008.

Gregory W. Laird, Gordon & Gordon, Claremore, OK, for Plaintiffs/Appellants.

W. Michael Hill, E. Anthony Mareshie, Secrest, Hill & Butler, Tulsa, OK, for Defendants/Appellees Adrienna R. Williams and OklaHomes Realty.

KENNETH L. BUETTNER, Presiding Judge.

¶ 1 Plaintiffs/Appellants Doug and Samantha Moore (Buyers) bought a home in Rogers County from Defendants John and Nancy Goggins (Sellers) in March 2004. Defendant/Appellee Adrienna Williams (Real Estate Agent) was Sellers' real estate agent and

Defendant/Appellee OklaHomes Realty was the real estate broker for Williams (collectively "Realtors"). The law with respect to pre-sale disclosure forms was amended effective November 1, 2003 and required different disclosures to be included in a new form to be established by the Oklahoma Real Estate Commission. The old form used by Sellers and signed November 22, 2003, included a "no" answer to Question 27: "Are you aware of existence of hazardous or regulated materials and other conditions having an environmental impact, including, but not limited to, residue from drug manufacturing?" The new form, which Realtors did not provide Sellers, included Question 28: "Are you aware of existence of prior manufacturing of methamphetamine?" About one month after moving into the house, Buyers learned that Sellers' daughter had resided in the house and was one of the people arrested when it was raided for being a methamphetamine laboratory (meth lab) in 2002.[1] By October 2004, Buyers claim that the walls of the house were bleeding iodine and the countertops were burned. Buyers filed suit for damages. In the present case, they appeal the trial court's grant of summary judgment in favor of Realtors with respect to the allegation of violation of the Oklahoma Residential Property Condition Disclosure Act (Act). Buyers did not controvert the evidence submitted by Realtors that Realtors had no knowledge of a defect and had no other duties that would support Buyers' remaining claims. We affirm summary judgment in favor of Realtors.

¶ 2 Buyers filed their First Amended Petition July 20, 2006. In the petition, they alleged that they received a copy of the disclosure form regarding the property February 9, 2004, a day before the February 10, 2004 signing of the contract for sale, at which time Buyers, Sellers, and Williams were present. The closing occurred March 11, 2004 and Buyers took possession shortly thereafter. They further alleged that Sellers knew at the time they signed their disclosure form, but did not disclose, that the residence had been used as a methamphetamine lab. They also alleged that Realtors knew, at the time that the Sellers signed the disclosure form, that the residence had been used as a meth lab. They stated some of their damages and further stated that they would not have bought the house had they known of its meth lab history.

¶ 3 On October 26, 2007, the trial court granted a 12 O.S.2001 § 994 final judgment with respect to Buyers' claims against Realtors, permitting Buyers to appeal the grant of summary judgment in favor of Realtors without delay. We review a grant of summary judgment *de novo. Carmichael v. Beller,* 1996 OK 48, 914 P.2d 1051.

¶ 4 Buyers filed a Motion for Summary Judgment February 20, 2007 claiming the defendants violated the Act. They claimed that Realtors violated the Act because, as licensed real estate agent/brokers, they were bound to furnish a new form to their sellers.[2] The new disclosure form specifically required disclosure as to whether the house was used in the manufacture of methamphetamine. None of the Defendants responded to Buyers' Request for Admissions in which they asked them to admit that the disclosure form used did not comport with legal standards as reflected in 60 O.S. Supp.2003 § 833. On the ground that the admissions were therefore deemed admitted, Buyers requested summary judgment in their favor.[3,4]

---

1. There is no record evidence as to the arrest or the alleged criminal offenses arising from the arrest.

2. 60 O.S.2001 § 836: **Duties of real estate licensee**

   A. A real estate licensee representing a seller has the duty to obtain from the seller a disclaimer statement or a disclosure statement and any amendment required by this act and to make such statement available to potential purchasers prior to acceptance of an offer to purchase.

3. Buyers submitted these Exhibits: A) copy of a blank disclosure form in compliance with the November 2003 amendment; B) Disclosure Form signed and initialed by Sellers (11/22/03) and Buyers (02/09/04); C) Contract for Sale, signed the 9th and 10th days of February, 2004 by Buyers and Sellers and Williams; D) Interrogatory establishing that Williams was a licensed real estate agent from February 21, 2003 until January 31, 2004; then from February 20, 2004 until December 28, 2004; E) Interrogatory establishing that OklaHomes was a licensed real estate broker from 1985 until the current time; F) 1–3

¶ 5 Realtors filed their Motion for Summary Judgment February 27, 2007. They claimed that they did not have knowledge that the home had been used as a meth lab. Pre-purchase inspection did not disclose such use. In a letter written to Sellers by Buyers June 1, 2004, Buyers stated that in November 2002, the house was being used as a meth lab and that court records show that a raid on the house revealed that their daughter was one of the people arrested at that time. Realtors submitted evidence that they did not know that the house had been used as a meth lab and Sellers did not reveal this information to them. Had they done so, Williams would have disclosed that information to Buyers.

¶ 6 In its May 17, 2007 Order, the trial court made findings of fact and conclusions of law which were incorporated in subsequent orders.[5] With respect to Buyers' Motion for Summary Judgment on the claim that Realtors' violated the Act, the trial court stated:

> The Court finds the failure to utilize the amended form to not be a violation of any duty by OklaHomes or Williams. The

Requests for Admissions from Williams, Okla-Homes, and John and Nancy Goggins with respect to the Disclosure Form not comporting with 60 O.S.Supp.2003 § 833.

4. Realtors' Motion to Consider and Accept New Evidence is denied. Supreme Court Rule 1.36.

5. The record presented for appeal pursuant to Supreme Court Rule 1.36 **Accelerated procedure for summary judgments and certain dismissals** contained the following orders: 1) May 17, 2007—Order Sustaining in Part and Overruling in Part Various Motions for Summary Judgment; 2) May 25, 2007—Amendment to Court Order Filed May 17, 2007 with Regards to Page Four (4), Section Five (5), Paragraph One (1) [amendment not relevant to the present appeal]; 3) August 3, 2007—Order Denying Plaintiffs' Motion to Reconsider with respect to whether there was evidence presented that Realtors had prior knowledge; and 4) October 26, 2007—final judgment reflecting that the Court had previously granted summary judgment in favor of Realtors against all claims brought against them by all parties and in the interest of justice, there being no reason for delay, a final judgment should be entered in their favor.

6. 60 O.S.2001 § 834 **Delivery of statements**
C. If the seller becomes aware of a defect after delivery to the purchaser of either a disclaimer statement or a disclosure statement, then the

duty to amend is triggered by the seller's discovery of a defect.[6] While the Court would acknowledge the information is requested in a different form, it is hard to see that Goggins would have answered any differently than on the form actually executed.

Plaintiffs have failed to show under 60 O.S. § 831 et seq. wherein Defendants, OklaHomes and Williams failed to act in accordance with the ORPCDA. Specifically the Court would note that the Act provides that a real estate licensee has no duty to the seller or purchaser to conduct an independent inspection or to verify the accuracy or completeness of a disclosure statement. The motion of Plaintiff against Defendants, OklaHomes and Williams is denied.

Conversely, OklaHomes Realty and Williams' Motion for Summary Judgment as to said claims is sustained.

¶ 7 The law with respect to disclosure forms was amended effective November 1, 2003.[7] A seller is now required to disclose

seller shall promptly deliver to the purchaser either a disclosure statement or an amended disclosure statement which discloses the newly discovered defect....
60 O.S.2001 § 836 **Duties of real estate licensee**
A. A real estate licensee representing a seller has the duty to obtain from the seller a disclaimer statement or a disclosure statement and any amendment required by this act and to make such statement available to potential purchasers prior to acceptance of an offer to purchase.

\* \* \*

E. A real estate licensee has no duty to the seller or the purchaser to conduct an independent inspection of the property and has no duty to independently verify the accuracy or completeness of any statement made by the seller in the disclaimer statement or the disclosure statement and any amendment.

7. 60 O.S. Supp.2003 § 833 **Disclaimer and disclosure statements**
A. A seller of property located in this state shall deliver, or cause to be delivered, to the purchaser of such property one of the following:

\* \* \*

2. A written property condition disclosure statement on a form established by rule by the Oklahoma Real Estate Commission which shall include the information set forth in subsection B of this section.

whether he has actual knowledge of defects or information in relation to (h) existence of prior manufacturing of methamphetamine. Buyers did not submit evidence that Realtors had actual knowledge of a defect. Importantly for the case at bar, Buyers cannot recover on a mere showing that Sellers did not provide the current disclosure form. Buyers may only recover damages against a Real Estate Agent for violation of the Act pursuant to 60 O.S.2001 § 837 **Remedies:**

A. The purchaser may recover in a civil action only in the event of any of the following:

1. The failure of the seller to provide to the purchaser a disclaimer statement or a disclosure statement and any amendment prior to acceptance of an offer to purchase;

2. The failure of the seller to disclose in the disclosure statement or any amendment provided to the purchaser a defect which was actually known to the seller prior to acceptance of an offer to purchase, or

3. The failure of the **real estate licensee** to disclose to the purchaser any defects in the property actually known to the **real estate licensee** prior to acceptance of an offer to purchase and which were not included in the disclosure statement or any amendment provided to the purchaser. (emphasis added.)

B. The sole and exclusive civil remedy at common law or otherwise for a failure under subsection A of this section by the seller or the real estate licensee shall be an action for actual damages, including the cost of repairing the defect, suffered by the purchaser as a result of a defect existing in the property as the date of acceptance by the seller of an offer to purchase and shall not include the remedy of exemplary damages.

¶ 8 Although Realtors had a duty to provide Sellers with the disclosure form, the only remedy Buyers may pursue is when a real estate licensee has actual knowledge of a defect prior to acceptance of an offer, which was not included in the Seller's disclosure statement or amendment, and the real estate licensee does not reveal this defect to the

B. 1. This disclosure statement shall include an identification of items and improvements which are included in the sale of the property and whether such items or improvements are in normal working order. The disclosures required shall also include a statement of whether the seller has actual knowledge of defects or information in relation to the following:

a. water and sewer systems, including the source of household water, water treatment systems, sprinkler systems, occurrence of water in the heating and air conditioning ducts, water seepage or leakage, drainage or grading problems and flood zone status,

b. structural systems, including the roof, walls, floors, foundation and any basement,

c. plumbing, electrical, heating and air conditioning systems,

d. infestation or damage of wood-destroying organisms,

e. major fire or tornado damage,

f. land use matters,

g. existence of hazardous or regulated materials and other conditions having an environmental impact,

h. existence of prior manufacturing of methamphetamine,

I. any other defects known to the seller, and

j. other matters the Oklahoma Real Estate Commission deems appropriate.

2. The disclosure statement shall include the following notices to the purchaser in bold and conspicuous type:

a. "The information and statements contained in this disclosure statement are declarations and representations of the seller and are not the representations of the real estate licensee.",

b. "The information contained in this disclosure statement is not intended to be a part of any contract between the purchaser and the seller.", and

c. "The declarations and information contained in this disclosure statement are not warranties, express or implied of any kind, and are not a substitute for any inspections or warranties the purchaser may wish to obtain."

C. Either the disclaimer statement or the disclosure statement required by this section must be completed, signed and dated by the seller. The date of completion on either statement may not be more than one hundred eighty (180) days prior to the date of receipt of the statement by the purchaser.

D. The Oklahoma Real Estate Commission shall develop by rule the forms for the residential property condition disclaimer and the residential property condition disclosure statement. After development of the initial forms, the Oklahoma Real Estate Commission may amend by rule the forms as is necessary and appropriate.

Such forms shall be made available upon request irrespective of whether the person requesting a disclaimer or disclosure form is represented by a real estate licensee.

Buyer. Summary Judgment was properly granted in favor of Realtors in the present case.

¶9 AFFIRMED.

MITCHELL, V.C.J., and BELL, J., concur.