2009 OK CIV APP 88

**Justin B. KEELER and Jill S. Keeler, Plaintiffs/Appellants,**

v.

**GMAC GLOBAL RELOCATION SERVICES, Defendant/Appellee.**

**No. 106,687.**

Court of Civil Appeals of Oklahoma, Division No. 2.

June 25, 2009.

Certiorari Denied Oct. 5, 2009.

Michael J. Romero, Johnson & Romero, LLP, Miami, OK, for Plaintiffs/Appellants.

Kevin D. Buchanan, Garrison Brown Carlson & Buchanan PLLC, Bartlesville, OK, for Defendant/Appellee.

DEBORAH B. BARNES, Presiding Judge.

¶1 Under the accelerated procedure for summary judgments,[1] Appellants Justin B. Keeler and Jill S. Keeler (Keelers, collectively) appeal the trial court's December 2, 2008, order that granted Appellee GMAC Global Relocation Services' (GMAC) motion for summary judgment. Keelers complain that they purchased a residence from GMAC that had termite damage, as well as pool, hot tub, and guttering leaks, and that GMAC should be liable for the defects because it failed to use a required statutory defect disclosure or disclaimer form.

¶2 After reviewing the record and applicable law, we find no material issues of fact upon which reasonable people could disagree that preclude summary judgment in favor of GMAC. We affirm.

**STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO SUBSTANTIAL CONTROVERSY**

¶3 On October 13, 2003, Keelers, as buyers, and GMAC, as seller, entered into a "Contract of Sale of Real Estate" for real property located in Bartlesville, Oklahoma (the Property). GMAC, a relocation services firm, had purchased the Property from Mr. and Mrs. Lin (the Lins) to facilitate their corporate relocation. GMAC never occupied or inspected the Property.

¶4 As part of the Property sale transaction, Keelers were furnished, and acknowledged receipt of, a GMAC "Homeowner Disclosure Statement." The Homeowner Disclosure Statement was signed by the previous owners/occupiers of the Property, the Lins. The Statement, received and initialed by Keelers, provides, in part:

... GMAC Global Relocation Services is a relocation company and has never occupied the property. GMAC Global Relocation Services['] knowledge of the property is based solely on this Homeowner's Disclo-

sure Statement and any inspection(s) or conditions reports provided them during the process of this transaction. (**GMAC Global Relocation Services makes no representations or warranties, express or implied, with regard to the property.**) Furthermore, this Disclosure is not a substitute for any further inspections or warranties that the prospective purchaser(s) or seller may wish to obtain or negotiate. The fact that GMAC Global Relocation Services is not aware of a particular problem is no guarantee that it does not exist. Prospective purchaser(s) is aware that he/she may request a qualified professional to perform an inspection of the premises as per the terms negotiated in the offer to purchase.

¶5 Keelers also received and signed an "Inspection Rider to Purchase Agreement," dated October 13, 2003, which GMAC signed as well. The Inspection Rider listed five Property inspections, and the inspecting companies' names, for the home, pool, heater, wood destroying insects, and hot tub. These inspections had been performed in July and August of 2003, approximately three months before the sale of the Property to Keelers. This Inspection Rider provided, in part:

... Buyer understands that Seller is a relocation management service and has never lived on .or in the Property. The Property ... [is] not new, and [is] being sold "as is", in [the] present condition. Neither Seller nor any of its agents make any representations concerning the Property....

. . . .

... **Seller makes no representations as to the accuracy of the information given and makes no agreement to undertake or perform any action recommended in any of the reports.**

. . . .

... Buyer agrees to inspect or to have the Property inspected by others on Buyer's behalf to determine the existence of defects, if any....

1. Rule 1.36, Okla. Sup.Ct. Rules, 12 O.S. Supp. 2004, ch. 15, app. 1.

¶6 Keelers also received and initialed an Oklahoma Real Estate Commission "Residential Property Condition Disclosure Statement," the required statutory form disclosure statement, which was completed by the Lins, who had actual knowledge of the Property. Keelers did not have the Property inspected prior to closing. Following their opportunity to inspect the Property and review previous inspections, on November 14, 2003, Keelers closed the sale and signed a "Hold Harmless Release," accepting the Property "as is" and releasing GMAC from any and all liability for the condition of the Property.

¶7 Keelers lived in the house for several months before they confirmed their termite damage with a pest control inspection on March 23, 2004, and also with a professional engineer's inspection on April 18, 2004.

■ ¶8 Keelers sued GMAC under the "Residential Property Condition Disclosure Act" (RPCDA)[2] on November 14, 2005, alleging GMAC is liable because:

(1) GMAC did not provide them with its Oklahoma Real Estate Commission's statutory form disclaimer or disclosure statement required by the RPCDA, and (2) GMAC "deliberately concealed the true nature and scope of the damage to this property as well as the fact that several repairs had been made for structural termite damage."[3] GMAC did not complete or provide Keelers a statutory disclosure or disclaimer form, but did provide the one signed by the Lins.

¶9 Both parties filed motions for summary judgment and responses. On December 2, 2008, the trial court granted GMAC's motion and denied Keelers' motion.

¶10 Although Keelers raise ten numbered issues in their Petition in Error, the essence of their appeal is two-fold: (1) that the trial court erred in granting summary judgment as a matter of law to GMAC because GMAC,

as the seller, did not furnish them, as buyers, a statutorily-required disclosure or disclaimer form and thus should be estopped from denying liability for Property defects, and (2) that the trial court erred in not holding GMAC liable for the representations made by the Lins in the statutorily-compliant form the Lins completed and which GMAC passed on to the Keelers. GMAC urges us to affirm the trial court's ruling because, pursuant to the undisputed material facts, GMAC was in substantial compliance with the RPCDA and, even if it was not, it has no liability under § 835[4] of the RPCDA because there is no evidence whatsoever that GMAC had any actual knowledge of any of the defects of which the Keelers complain.

## STANDARD OF REVIEW

¶11 Summary judgment may be granted when there is no substantial controversy as to any material fact. Rule 13(a), Rules for District Courts, 12 O.S. Supp.2002, ch. 2, app. 1. The standard of review upon entry of judgment granting summary relief is *de novo*. *Kluver v. Weatherford Hospital Authority*, 1993 OK 85, 859 P.2d 1081. When reviewing a question of law, the appellate court enjoys plenary, independent and non-deferential authority to re-examine the trial court's legal rulings. *Id.* Summary judgment is appropriate when the pleadings, affidavits, depositions, admissions or other evidentiary materials show there is no substantial controversy as to any material fact and one party is entitled to judgment as a matter of law. *Tucker v. ADG, Inc.*, 2004 OK 71, 102 P.3d 660. A party opposing a motion for summary judgment must show "the reasonable probability, *something beyond a mere contention*, that the opposing party will be able to produce competent, admissible evidence at the time of trial which might reasonably persuade the trier of fact in his favor on the

---

**2.** 60 O.S.2001 §§ 831–839.

**3.** Petition, p. 3. Keelers did not assert this "deliberate concealment" claim in their motion for summary judgment. In fact, they waived the issue when they stated that the "issue at this point, in this case, is not whether or not the disclosure of defects were false representations but rather, that the attempt by [GMAC] to utilize

disclosure statements and an inspection rider statement to act as a disclaimer was not in compliance with the law. . . ." R.5, pp. 3–4.

**4.** "B. The seller shall not be liable for any erroneous, inaccurate or omitted information . . . if . . . 2.[t]he error, inaccuracy or omission was not within the actual knowledge of the seller. . . ."

issue in dispute." *Davis v. Leitner*, 1989 OK 146, ¶ 15, 782 P.2d 924, 927. (Emphasis added.)

## ANALYSIS

■ ¶ 12 The RPCDA was enacted to limit the doctrine of *caveat emptor*[5] and expand the liability of a seller for structural or other covered defects. *Rogers v. Meiser*, 2003 OK 6, 68 P.3d 967. The RPCDA requires sellers of real property to provide a written property disclaimer statement or written property condition disclosure statement to a buyer. 60 O.S. Supp.2003 § 833(A). The statute requires either statement to be on a form developed by the Oklahoma Real Estate Commission. *Id.*

¶ 13 The Keelers allege summary judgment for GMAC was improper because GMAC, as seller, failed to provide the required form disclosure or form disclaimer. Keelers argue that GMAC should, therefore, be liable for the Property defects. Previous interpretations of the RPCDA have not touched on the issues at hand.[6]

■ ¶ 14 The goal of statutory construction is to follow the intent of the legislature. *Hess v. Excise Board of McCurtain County*, 1985 OK 28, 698 P.2d 930. The intent of the RPCDA is to expand the protections for the buyer, limiting *caveat emptor* and expanding a seller's liability. This goal is primarily accomplished through the requirement of a property condition disclosure or disclaimer. The RPCDA specifically states "a seller of property ... **shall** deliver" the property disclaimer statement or property condition disclosure statement on "a form established by rule by the Oklahoma Real Estate Commission." 60 O.S. Supp.2003 § 833. (Emphasis added.) The statute lists the specific areas of inquiry to be included on the forms. *Id.*

The word "shall" is usually given its common meaning of "must" and interpreted as implying a command or mandate depending upon the construction of the statute as a whole and the intention of the legislature. *Oklahoma Alcoholic Beverage Control Board v. Moss*, 1973 OK 45, 509 P.2d 666. However, substantial compliance with the statute can be shown if it appears the purpose of the statute has been served. *Matter of Estate of Lahr*, 1987 OK 94, 744 P.2d 1267.

■ ¶ 15 While GMAC was the statutorily defined seller,[7] it was not an owner-occupier of the Property at issue and thus was not privy to any actual knowledge about its condition. GMAC provided the various forms and inspections completed by the previous owner-occupier in order to furnish the Keelers with pertinent, and the most recent, data.

¶ 16 GMAC could have complied with the form of the law and completed the Oklahoma Real Estate Commission's "Residential Property Condition Disclosure Statement" by answering "Unk" (Unknown) to each query.[8] Instead, GMAC opted to comply with the substance and intent of the law by providing Keelers with inspection reports prior to closing, the Lins' statutory Disclosure Statement, the GMAC "Homeowner Disclosure Statement," and the "Inspection Rider to Purchase Agreement."

¶ 17 At closing, Keelers executed the "as is" "Hold Harmless Release," accepting "all the structural defects in the home" after having ample opportunity to inspect the Property prior to closing. We find, therefore, that GMAC was in substantial compliance with the RPCDA.

■ ¶ 18 Even if GMAC were not in substantial compliance with the RPCDA, § 835 limits a seller's liability for any erroneous, inaccurate or omitted information supplied to the purchaser as a required disclosure if the

---

**5.** *Caveat emptor* is Latin for "let the buyer beware."

**6.** *See Rogers v. Meiser*, 2003 OK 6, 68 P.3d 967 (interpreting RPCDA to not abrogate common law fraud claims); *Mamoodjanloo v. Wolf*, 2008 OK CIV APP 59, 190 P.3d 1170 (applying *Rogers v. Meiser* and the 60 O.S.2001 § 838(A)(3) fiduciary exemption); *Moore v. Williams*, 2008 OK CIV APP 76, 192 P.3d 1275 (interpreting remedy available against licensed realtors); *Lester v.*

*Smith*, 2008 OK CIV APP 97, 198 P.3d 402 (applying RPCDA's statute of limitations).

**7.** Generally, "seller" means one or more persons who are attempting to transfer a possessory interest in property. 60 O.S.2001 § 832(2).

**8.** The statutory Disclosure Statement gives four possible answers for each appliance, system, or service: "N/A—Yes—No—Unk."

error, inaccuracy or omission was not within the actual knowledge of the seller. There is no evidence whatsoever that GMAC had any actual knowledge of any of the defects of which the Keelers complain or actual knowledge regarding the accuracy of the Lins' statutory Disclosure Statement. Thus, we find GMAC is not liable under the statute for any damages associated with Keelers' Property defects.

## CONCLUSION

¶ 19 Upon thorough review of the record and the law, we find that the trial court's Order granting GMAC's motion for summary judgment should be, and hereby is, affirmed.

¶ 20 AFFIRMED.

WISEMAN, V.C.J., and GOODMAN, J., concur.