2008 OK CIV APP 59

**Behrooz MAMOODJANLOO,
Plaintiff/Appellant,**

v.

**Catherine WOLF and Ramona Wolf,
Defendants/Appellees.**

No. 105,326.

Court of Civil Appeals of Oklahoma,
Division No. 1.

Jan. 30, 2008.

Rehearing Denied Feb. 22, 2008.

Certiorari Denied April 21, 2008.

Floyd W. Taylor, John R. Long, Taylor & Associates, Oklahoma City, OK, for Plaintiff/Appellant.

Robert J. Haupt, Kevin L. Miller, Haupt Brooks Vandruff Cloar, P.L.L.C., Oklahoma City, OK, for Defendants/Appellees.

CAROL M. HANSEN, Judge.

¶ 1 Plaintiff/Appellant, Behrooz Mahmood-janloo (Buyer), seeks review of the trial court's order granting summary judgment in favor of Defendant/Appellees, Catherine Wolf (Trustee), and Ramona Wolf (Successor Trustee), in Buyer's action asserting Trustees misrepresented the condition of property he purchased from them. We affirm the summary judgment in favor of Successor Trustee, but reverse the summary judgment as to Trustee because Buyer established a contested issue of fact as to whether Trustee knew of prior flooding. We remand for further proceedings against Trustee in her personal capacity on Buyer's common law claim for fraud.

¶ 2 Buyer's original petition sought damages pursuant to the Residential Property Condition Disclosure Act (RPCDA), 60 O.S. § 831 et seq., for failure to disclose on the Residential Property Condition Disclosure Statement, initialed and signed by both Trustees, that the subject property had a history of flooding problems. He alleged the proper-ty flooded on June 13 and 14, 2003, causing extensive damage.

¶ 3 Buyer later amended his petition to add a second cause of action for fraud, alleging Trustees falsely stated the property had not been damaged or affected by flood, storm run-off or drainage problems, with knowledge the statement was false and with the intention that Buyer rely upon it as an inducement to purchase the property. Buyer alleged he relied on the statement to his detriment.

¶ 4 Trustees answered and denied liability. They moved for summary judgment, asserting the property was owned by the Neva L. Osborne Revocable Trust (Trust), and they acted in their capacities as trustees of Trust when they entered into a real estate purchase contract with Buyer and conveyed the property to Buyer. They asserted they had never been owner occupants of the property and had no prior knowledge of flooding on the property. They asserted Buyer signed a release at closing accepting the property in its present condition and waiving all claims to remedy any defects in the property. In support, Trustees submitted closing documents and their own affidavits.

¶ 5 Trustees argued Buyer was not entitled to recover under the RPCDA because § 838(A)(3) provided it did not apply to transfers by a fiduciary, who is not an owner occupant, in the course of administering a trust. Trustees argued in the alternative that Buyer's common law fraud claim was abrogated by § 837 of the RPCDA. They also argued Buyer's claims were barred by the release he signed.

¶ 6 In response, Buyer contested Trustees' assertion they had no knowledge of prior flooding. He submitted affidavits of Nina Flannery and Ann Finley, who both were beneficiaries of Trust and relatives of the grantor and of Trustees. Flannery stated she was present at the property following a flooding event in 1986, and the home and contents, including some memorabilia, suffered significant damage. She stated she had a conversation with Trustee regarding some memorabilia being destroyed by a flooding event. Flannery also stated she had a conversation with Opal Eaves, who then

lived in the home, in which Eaves indicated Trustee had knowledge of the event. Finley stated there were two flooding events at the property, one in 1986 and another in 1999 or 2000. She stated Trustee "was present for the cleaning and attempts to reduce damages at the flooded home." Finley said Trustee participated in discussions among family members about damaged memorabilia and about whether a concrete pad that had been poured on the property had contributed to the flooding. She stated Successor Trustee had never asked her any questions about these events or any other part of her knowledge of the history of the property.

¶ 7 Buyer argued he had a common law fraud claim because the 2003 amendment to § 837 of the RPCDA abrogating such claims did not apply retroactively, or in the alternative, the RPCDA did not apply to transfers by Trustees. He argued Trustees were equitably estopped from claiming they are exempt from the RPCDA because they filled out a disclosure form. Buyer also argued Trustees could not be acting in the course of administration of a trust when they committed fraud, and they were subject to personal liability for acts committed outside the scope of their roles as trustees. Lastly, Buyer argued the waiver on its face released only Trust and not Trustees from his claims, and the waiver was ineffective because it was obtained by fraudulent means.

¶ 8 In reply, Trustees challenged the affidavits of Finley and Flannery as hearsay and not being made on personal knowledge. They argued the 2003 amendment to § 837 abrogating common law claims has retroactive effect because it is a clarifying amendment. In addition, they cited 60 O.S.2001 § 174 as granting immunity to trustees for acts and omissions in the capacity as trustee.

¶ 9 The trial court granted summary judgment in favor of Trustees. Buyer moved for reconsideration, attaching depositions of Finley and Flannery describing their personal knowledge of the flooding events. Trustees objected. The trial court denied the motion to reconsider. Buyer appeals without appellate briefs in conformance with the procedures for the appellate accelerated docket, Okla.Sup.Ct.R. 1.36, 12 O.S.Supp.2003, Ch. 15, App. 1.

¶ 10 Summary judgment is proper only when there is no substantial controversy as to any material fact, and one of the parties is entitled to judgment as a matter of law. *Seitsinger v. Dockum Pontiac Inc.*, 1995 OK 29, 894 P.2d 1077, 1079. A fact is material if proof of that fact establishes or refutes one of the essential elements of a claim or defense. *Cinco Enterprises, Inc. v. Benso,* 1994 OK 135, 890 P.2d 866, 871. The trial court's role is limited to determining whether there are any such issues of fact; it may not weigh the evidence or try fact issues. The evidence must be viewed in the light most favorable to the party opposing the motion. In order for a court to find there is no substantial controversy as to any material fact raised by the issues, it must appear not only that there is no dispute as to such facts themselves, but also that reasonable people exercising fair and impartial judgment could not reach differing conclusions upon the undisputed facts. *Flanders v. Crane Co.*, 1984 OK 88, 693 P.2d 602, 605.

¶ 11 The Legislature passed the RPCDA in 1994. Laws 1994, c. 198, §§ 1–9, eff. July 1, 1995. The Act requires the seller of residential property to deliver to the purchaser either a disclaimer or a disclosure as to the property's condition, and it requires a real estate licensee to obtain the disclaimer or disclosure and provide it to the purchaser. 60 O.S.Supp.2003 §§ 833 and 836. It imposes liability upon the seller and real estate licensee for failure to disclose known defects. § 837. However, the Act exempts certain transactions from its purview, including "[t]ransfers by a fiduciary who is not an owner occupant of the subject property in the course of the administration of a . . . trust." § 838(A)(3).

¶ 12 The property transfer in the present case was exempted from the application of the RPCDA because the seller was a fiduciary acting in the course of administering a trust. That Trustees signed a disclosure form did not withdraw their exemption, inasmuch as Buyer knew Trustees were acting as trustees and were not owner/occupants of the property. Because the Act does not apply,

Trustees retain their common law obligations, and Buyer may pursue his common law rights.[1]

¶ 13 Under the common law doctrine of caveat emptor, when a buyer inspects property prior to sale, silence on a seller's part does not constitute fraud if it relates to conditions that the buyer, through the exercise of reasonable diligence, could discern upon inspection. Therefore, the buyer may not base a fraud claim on misrepresentations concerning patent, or readily observable, defects when the purchaser has been afforded an unimpeded opportunity to inspect the property. The doctrine does not apply if a seller fraudulently conceals a latent defect. *Rogers v. Meiser*, 2003 OK 6, 68 P.3d 967, 976–977. A latent defect known to the seller creates a duty of disclosure in the seller. Failure to disclose amounts to fraudulent concealment of the defect. *Brauchitsch v. Cravens*, 1978 OK CIV APP 48, 604 P.2d 379, 380.

¶ 14 In the present case, the statement of Ann Finley that Trustee was present for the cleaning and attempts to reduce damages at the flooded home is evidence from which the trier of fact could infer Trustee had knowledge of the flood. Neither affidavit presented evidence Successor Trustee had knowledge of prior flooding. This record presents a material issue of fact as to whether Trustee, but not Successor Trustee, knew of a latent defect and should have disclosed it. In addition, it raises a question of fact as to whether Buyer's waiver was obtained by fraud. Summary judgment was proper as to Successor Trustee but not as to Trustee.

¶ 15 At common law, a trustee is personally liable for torts committed in the execution of the trust, and the trust is not liable to third persons for the tortious acts of the trustee. 90A C.J.S. Trusts § 328 (2002). The Oklahoma Legislature appeared to abro-

gate this common law rule in 60 O.S.2001 § 174, adopted in 1919, which provides:

> Liability to third persons for any act, omission, or obligation of a trustee or trustees of an express trust when acting in such capacity, shall extend to the whole of the trust estate held by such trustee or trustees, or so much thereof as may be necessary to discharge such liability, but no personal liability shall attach to the trustee or the beneficiaries of such trust for any such act, omission or liability.

¶ 16 However, in 1941, the Oklahoma Legislature adopted the Oklahoma Trust Act, 60 O.S.2001 § 175.1 et seq., based on the Uniform Principal and Income Act and the Uniform Trusts Act, in the Uniform Laws Annotated, Master Edition, Vol. 7B. In § 175.20, the Oklahoma Trust Act sets forth requirements for recovering from a trust for the tort of a trustee, including notice to beneficiaries. It then states in Subsection D, "The trustee may also be held personally liable for any tort committed by him, or his agents or employees in the course of their employments, subject to the rights of exoneration or reimbursement provided in [the previous section] of this act."

¶ 17 Subsection D, in providing for personal liability of trustees for their torts, is consistent with the common law rule and in conflict with 60 O.S.2001 § 174, which is not part of the Oklahoma Trust Act. When the language of two statutes cannot be reconciled, the later enacted statute modifies the earlier one. 75 O.S.2001 § 22. Accordingly, we hold Oklahoma has reinstated the common law rule that trustees are personally liable for their torts. A plaintiff seeking judgment only against the trustee in her personal capacity need not comply with the notice requirements of § 175.20(C). If the trustee is held liable, she may seek reimbursement from the trust pursuant to § 175.19.

---

1. In *Rogers v. Meiser*, 2003 OK 6, 68 P.3d 967, 978, the Court held the RPCDA did not legislatively supplant or abrogate a common law actual fraud claim based on misrepresentations about defects in residential real property made in connection with its sale. Following the Court's issuance of its opinion, the Legislature amended the RPCDA to add language providing the Act "sup-

plants and abrogates all common law liability, rights, duties, obligations and remedies therefore." 60 O.S. Supp.2003 § 837(F) (amended by Laws 2003, c. 52, § 2, eff. Nov. 1, 2003). As of the effective date of this amendment, the RPCDA does abrogate common law fraud claims arising from transfers covered by it. It has no such effect on transfers exempted from its application.

¶18 Buyer brought his common law fraud claim against Trustee in her personal capacity only. He has not sought to recover against Trust by naming Trustee in her representative capacity, and is not required to give notice to the beneficiaries. On remand, Buyer may pursue his common law fraud claim against Trustee in her personal capacity only.

¶19 For the foregoing reasons, we AFFIRM the summary judgment in favor of Successor Trustee, Ramona Wolf. We REVERSE summary judgment in favor of Trustee, Catherine Wolf, and REMAND for further proceedings consistent with this opinion.

ADAMS, P.J., and JOPLIN, J., concur.