NOTICE
Decision filed 04/09/15. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2015 IL App (5th) 140001

NO. 5-14-0001

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT
_____

| | | |
|---|---|---|
| KATHLEEN T. HAWKINS, Not in Her Individual Capacity but as the Trustee of the Kathleen T. Hawkins Trust, u/t/a Dated December 12, 2002, | ) ) ) ) ) | Appeal from the Circuit Court of Monroe County. |
| Plaintiff-Appellant, | ) ) | |
| v. | ) ) | No. 11-L-24 |
| WAYNE VOSS, MARK VOSS, and TIM VOSS, d/b/a Voss Brothers Action Auction Associates, | ) ) ) ) | Honorable Dennis B. Doyle, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

JUSTICE GOLDENHERSH delivered the judgment of the court, with opinion.
Presiding Justice Cates and Justice Chapman concurred in the judgment and opinion.

**OPINION**

¶ 1     This case concerns an auction of real estate.  Plaintiff, Kathleen T. Hawkins, entered into an oral agreement with defendants, Wayne Voss, Mark Voss, and Tim Voss, in which defendants agreed to sell plaintiff's home and provide the documents necessary to complete the sale.  Plaintiff's home was part of plaintiff's own revocable trust to which she was the trustee.  After defendants procured successful buyers for plaintiff's home, but

1

before plaintiff conveyed her home, the buyers reneged on the purchase.

¶ 2    Plaintiff brought suit against defendants, Wayne Voss, Mark Voss, and Tim Voss, alleging breach of contract, negligence, and breach of fiduciary duty for defendants' failure to provide plaintiff a disclosure form to give to the buyers of plaintiff's home as required by the Residential Real Property Disclosure Act (Act) (765 ILCS 77/1 *et seq.* (West 2010)).  Defendants filed a motion for judgment on the pleadings asserting that plaintiff was acting as a fiduciary in the course of the administration of a trust when she engaged in the sale of her trust real estate, and was, therefore, exempt from the disclosure form requirement pursuant to an exemption in the Act (765 ILCS 77/15 (West 2010)).

¶ 3    The trial court found that plaintiff was not required to comply with the disclosure form requirement, and, therefore, defendants' alleged failure to provide the disclosure form was not a breach of contract or fiduciary duty and not negligence.  Plaintiff filed a motion to reconsider, which the trial court denied.  Plaintiff then filed a timely notice of appeal.  We affirm.

¶ 4                                    BACKGROUND

¶ 5    Plaintiff, Kathleen T. Hawkins, established a revocable trust in December 2002. Plaintiff was named the grantor, trustee, and sole primary beneficiary of the trust, and her children were named as contingent beneficiaries.  Plaintiff transferred her home into the trust sometime in 2002.

¶ 6    Plaintiff alleges that on or about August 19, 2006, plaintiff entered into an oral agreement with defendants, Wayne Voss, Mark Voss, and Tim Voss, under which

2

defendants agreed to provide auction services to sell plaintiff's trust real estate. Plaintiff further alleges that defendants agreed to provide plaintiff with an auction contract for the sale of the real estate along with "other documents reasonably incident thereto in order to effect the sale of such real estate in the event [d]efendants procured a successful bidder."

¶ 7 On August 19, 2006, defendants held an auction and procured buyers for plaintiff's home. Defendants then procured an auction contract for purchase and sale of real estate between plaintiff and the buyers, which provided for a closing date of September 19, 2006. Prior to closing, the buyers reneged on the purchase of plaintiff's real estate after not having received a copy of the disclosure form as required by the Residential Real Property Disclosure Act (765 ILCS 77/1 *et seq.* (West 2010)).

¶ 8 Plaintiff subsequently filed suit against defendants, not in her individual capacity but as trustee of the Kathleen T. Hawkins Trust, u/t/a December 12, 2002. Plaintiff alleged the facts stated above and sued defendants for breach of contract, negligence, and breach of fiduciary duty for defendants' failure to provide plaintiff with the disclosure form to give the buyers. Plaintiff alleged the disclosure form should have been included in the documents defendants agreed to provide plaintiff in order to execute the sale of plaintiff's home.

¶ 9 Defendants responded and filed a motion for judgment on the pleadings asserting that section 15 of the Act exempts from the disclosure form requirement "[t]ransfers by a fiduciary in the course of the administration of a decedent's estate, guardianship, conservatorship, or trust." 765 ILCS 77/15(3) (West 2010). Defendants argued they had

no duty to provide a disclosure form to plaintiff because the duty to provide the disclosure form does not apply to trustees acting as fiduciaries in the course of the administration of a trust, and, therefore, does not apply to plaintiff, who was selling her trust real estate as the trustee of her own trust. The trial court granted defendants' motion on all counts. Plaintiff then filed a motion to reconsider, which the trial court denied. Plaintiff timely appealed.

¶ 10                                ANALYSIS

¶ 11    The single issue raised on appeal concerns whether defendants were required to provide a disclosure form for plaintiff to give the buyers as mandated by the Residential Real Property Disclosure Act (765 ILCS 77/1 *et seq.* (West 2010)). Plaintiff argues the trial court erred when it granted defendants' motion for judgment on the pleadings after finding defendants owed no statutory duty to provide plaintiff with a disclosure form by reason that plaintiff herself was not required to comply with the statute pursuant to an exemption in the Act. Defendants contend the trial court's judgment should be affirmed. For the following reasons, we agree with defendants and affirm.

¶ 12    Because this case turns on an issue of statutory construction, our review is *de novo*. *Carter v. Illinois Workers' Compensation Comm'n*, 2014 IL App (5th) 130151WC, ¶ 17, 11 N.E.3d 478. The primary rule of statutory construction is to ascertain and give effect to the legislature's intent. *Carter*, 2014 IL App (5th) 130151WC, ¶ 18, 11 N.E.3d 478. The language used in the statute is usually the best indicator of what the legislature intended. *Carter*, 2014 IL App (5th) 130151WC, ¶ 18, 11 N.E.3d 478.

¶ 13 Each undefined word in the statute must be given its common and popularly understood meaning. *Carter*, 2014 IL App (5th) 130151WC, ¶ 18, 11 N.E.3d 478. Words and phrases must be considered in light of other relevant provisions of the statute rather than viewed in isolation. *Carter*, 2014 IL App (5th) 130151WC, ¶ 18, 11 N.E.3d 478. If the statute's language leaves uncertainty as to how it should be interpreted, the court may look beyond the language employed and consider the purpose behind the law and the evils the law was designed to remedy. *Carter*, 2014 IL App (5th) 130151WC, ¶ 18, 11 N.E.3d 478. However, no aids for construction of language need be used where the statutory language is clear. *Carter*, 2014 IL App (5th) 130151WC, ¶ 18, 11 N.E.3d 478.

¶ 14 The instant case concerns the Residential Real Property Disclosure Act. The purpose of the disclosure form requirement of the Act is to provide prospective home buyers with information about material defects in the home that are known to the seller. *Bouton v. Bailie*, 2014 IL App (3d) 130406, ¶ 9, 20 N.E.3d 533. Section 20 of the Act provides:

> "A seller of residential real property shall complete all applicable items in the disclosure document described in [s]ection 35 of this Act. The seller shall deliver to the prospective buyer the written disclosure statement required by this Act before the signing of a written agreement by the seller and prospective buyer that would, subject to the satisfaction of any negotiated contingencies, require the prospective buyer to accept a transfer of the residential real property." 765 ILCS 77/20 (West 2010).

¶ 15 Section 55 of the Act provides: "If the seller fails or refuses to provide the disclosure document prior to the conveyance of the residential real property, the buyer shall have the right to terminate the contract." 765 ILCS 77/55 (West 2010). This is what happened in the instant case, as the buyers rescinded their contract with plaintiff prior to conveyance of the real estate after not receiving a disclosure form of the property.

¶ 16 Plaintiff and defendants disagree whether defendants were required to produce a disclosure form for plaintiff to give the buyers. For the following reasons, we find defendants were not required to provide a disclosure form.

¶ 17 The trial court found that plaintiff, as beneficiary of her own revocable trust, was a "seller" as defined by the Act, which plaintiff does not dispute. Section 5 of the Act defines "seller" as the following:

" 'Seller' means every person or entity who is an owner, beneficiary of a trust, contract purchaser or lessee of a ground lease, who has an interest (legal or equitable) in residential real property. However, 'seller' shall not include any person who has both (i) never occupied the residential real property and (ii) never had the management responsibility for the residential real property nor delegated such responsibility for the residential real property to another person or entity." 765 ILCS 77/5 (West 2010).

¶ 18 While a seller is required to provide prospective buyers with a disclosure form pursuant to section 20 of the Act, section 15 of the Act provides nine exemptions from the disclosure form requirement, including an exemption for trustees acting as fiduciaries

in the course of the administration of a trust. Defendants indicate this exemption to the disclosure form requirement applies to plaintiff, who was selling trust real estate as the trustee of her own revocable trust. We agree.

¶ 19 Section 15 provides:

"The provisions of this Act do not apply to the following:

\* \* \*

(3) Transfers by a fiduciary in the course of the administration of a decedent's estate, guardianship, conservatorship, or trust." 765 ILCS 77/15 (West 2010).

¶ 20 In plaintiff's fifth amended complaint, plaintiff alleges she owned the real estate at issue not in her individual capacity but as trustee of the Kathleen T. Hawkins Trust, u/t/a December 12, 2002. As a trustee selling her own trust's real estate, plaintiff was not required to provide a disclosure form to the buyers of her real estate under the plain language of section 15 of the Act (765 ILCS 77/15 (West 2010)).

¶ 21 Plaintiff argues defendants had a statutory duty to provide plaintiff a disclosure form to give the buyers of plaintiff's home pursuant to section 20 of the Act based on the parties' agreement in which defendants agreed to provide plaintiff with documents necessary to complete the sale. However, plaintiff herself had no statutory duty to provide a disclosure form to the buyers. The plain language in section 15 of the Act carves out an exemption for trustees whereby trustees acting as fiduciaries in the course of the administration of a trust are not required to provide a disclosure form to

7

prospective buyers.  This is basic statutory construction.  Accordingly, because plaintiff had no statutory duty to provide a disclosure form to the buyers, defendants had no statutory duty or reason to provide a disclosure form to plaintiff.

¶ 22    Plaintiff raises several arguments on appeal, all of which attempt to circumvent the exemption to the disclosure form requirement provided in section 15 of the Act.  We now address plaintiff's concerns.

¶ 23                                        I

¶ 24    The trial court's finding that plaintiff, as beneficiary of her revocable trust, was a "seller" as defined under section 5 of the Act does not preclude the exemption provided in section 15 of the same Act from applying to plaintiff.

¶ 25    Plaintiff alleges that because the trial court found she was a "seller" in her role as beneficiary of her trust, she was required pursuant to section 20 to "deliver to the prospective buyer the written disclosure statement required by this Act."  765 ILCS 77/20 (West 2010).  Plaintiff also alleges that even if she is found to be a "fiduciary" under section 15 the Act, only the transfer by her as a fiduciary is exempt and not the entire transaction in her capacity as "seller."

¶ 26    While plaintiff accurately states that a seller is required to provide a disclosure form to prospective buyers, she does not consider the exemption listed in section 15 of the Act that applies to transfers made by fiduciaries in the course of the administration of a trust. The fact that the trial court found plaintiff was a "seller" in her role as beneficiary of her trust does not change the fact that she was also the trustee of the trust when she

8

was selling her trust real estate. Plaintiff attempts to differentiate between a transfer and transaction made in the instant case, but these are one and the same. Section 15 provides a clear exemption from the disclosure form requirement for these types of transfers.

¶ 27                                    II

¶ 28     Plaintiff was acting as a fiduciary in the course of the administration of trust real estate, and was, therefore, exempt from the disclosure form requirement of the Act.

¶ 29     Plaintiff concedes that the Act exempts certain transfers by a fiduciary. However, plaintiff claims she was not acting as a fiduciary when selling her trust real estate as the trustee of her own revocable trust, and, therefore, the fiduciary exemption in the Act should not apply. Plaintiff alleges she cannot serve as a fiduciary to herself because the existence of a fiduciary duty requires two separate people, and in the instant case plaintiff was the trustee and sole beneficiary of her trust. We disagree.

¶ 30     The plain language of section 15 exempts transfers by fiduciaries administering trusts from the disclosure form requirement. 765 ILCS 77/15 (West 2010). Plaintiff's attempt to separate the terms "fiduciary" and "trustee" fails, as a fiduciary in the course of the administration of a trust and a trustee in the course of the administration of a trust are directly related.

¶ 31     A fiduciary relationship exists between a trustee and beneficiary as a matter of law. *Janowiak v. Tiesi*, 402 Ill. App. 3d 997, 1006, 932 N.E.2d 569, 579 (2010). "Trustees are but one example of a myriad of fiduciaries including guardians, executors, administrators, [and] agents ***. [Citation.] Each of these fiduciaries owes a duty of

9

loyalty to the person or entity for whom the fiduciary is acting." *Janowiak*, 402 Ill. App. 3d at 1008, 932 N.E.2d at 581. A trustee "owes a fiduciary duty to a trust's beneficiaries and is obligated to carry out the trust according to its terms and to act with the highest degrees of fidelity and utmost good faith." (Internal quotation marks omitted*.*) *Fuller Family Holdings, LLC v. Northern Trust Co.*, 371 Ill. App. 3d 605, 615, 863 N.E.2d 743, 754 (2007).

¶ 32 Illinois statutes have also defined the term "fiduciary" to include the role of trustee. The Fiduciary Transfer of Securities Act defines "fiduciary" as "an executor, administrator, trustee, guardian, committee, conservator, curator, tutor, custodian or nominee." 760 ILCS 70/1(d) (West 2010). Similarly, the Fiduciary Obligations Act defines "fiduciary" as including "a trustee under any trust." 760 ILCS 65/1(1) (West 2010). Finally, the Corporate Fiduciary Act also defines "fiduciary" as a trustee: " 'Fiduciary' means trustee, executor, administrator, receiver, guardian, assignee for the benefit of creditors, or any holder of a similar position of trust." 205 ILCS 620/1-5.12 (West 2010).

¶ 33 Illinois law has consistently held that trustees assume the role of a fiduciary. The fact that the trustee and beneficiary are the same person in the instant case does not erase the fiduciary role plaintiff assumes in acting as trustee in the course of administering the trust. Accordingly, plaintiff's argument that she was acting as a trustee but not a fiduciary is incorrect, as she was acting in both the role as trustee and fiduciary.

¶ 34 Plaintiff makes several arguments in an attempt to support her position that the

existence of a fiduciary duty between a trustee and beneficiary requires two separate people. First, plaintiff indicates the supreme court has held that "not all trusteeships are fiduciary in character." *Englestein v. Mintz*, 345 Ill. 48, 58, 177 N.E. 746, 751 (1931). The court in *Englestein* stated:

> "While there are relations which from their nature imply duties and obligations and are fiduciary in their character, such as those of trustees and *cestuis que trustent* of an active trust, \*\*\* not all trusteeships are fiduciary in character. [Citations.] A fiduciary relationship does not exist in case of a mere naked or dry trustee who has no duty to perform and stands in no relation of influence over the *cestui que trust* \*\*\*." *Englestein*, 345 Ill. at 58, 177 N.E. at 751.

¶ 35 *Englestein* is distinguishable from the instant case. The court in *Englestein* indicated that a fiduciary relationship does not exist in cases involving dry trustees. Black's Law Dictionary defines a "dry trust" as a "trust that merely vests legal title in a trustee and does not require that trustee to do anything." Black's Law Dictionary 1548 (8th ed. 2004). The instant case does not involve a dry trust. Rather, plaintiff's trust was an express trust that imposed duties and obligations on the trustee. Hence, the reasoning of the court in *Englestein* concerning a dry trust is inapplicable to the facts of the instant case.

¶ 36 Second, plaintiff cites Black's Law Dictionary's definitions of "fiduciary" to support her position that she cannot be a fiduciary for herself. Black's Law Dictionary defines "fiduciary" as:

11

"1. A person who is required to act for the benefit of another person on all matters within the scope of their relationship; one who owes to another the duties of good faith, trust, confidence, and candor ***. 2. One who must exercise a high standard of care in managing another's money or property ***." Black's Law Dictionary 658 (8th ed. 2004).

¶ 37 Black's Law Dictionary defines "fiduciary relationship" as:

"A relationship in which one person is under a duty to act for the benefit of another on matters within the scope of the relationship. Fiduciary relationships − such as trustee-beneficiary *** − require an unusually high degree of care." Black's Law Dictionary 1315 (8th ed. 2004).

¶ 38 Plaintiff argues these definitions indicate she could not owe fiduciary duty to herself since owing a fiduciary duty to another requires two separate persons, and here plaintiff was the solely vested beneficiary of the revocable trust to which she had the power to revoke at any time. However, plaintiff does not take into account that as trustee she also owes a fiduciary duty to the contingent remainders of her trust. Plaintiff's children are named as contingent beneficiaries to her trust and will become primary beneficiaries if plaintiff does not exhaust the assets of the trust during her lifetime.

¶ 39 The fact that plaintiff is the only beneficiary of the trust whose interest is vested does not eliminate the fiduciary duty she owes to the contingent beneficiaries of the trust, as vested and contingent beneficiaries are owed the same fiduciary duty: "A trustee owes the same fiduciary duty to a contingent beneficiary as to one with a vested interest in so far as necessary for the protection of the contingent beneficiary's rights in the trust

12

property." (Internal quotation marks omitted.) *Giagnorio v. Emmett C. Torkelson Trust*, 292 Ill. App. 3d 318, 323, 686 N.E.2d 42, 45 (1997).

¶ 40 As defendants indicate, contingent beneficiaries are treated as having vested interests subject to divestment rather than no interest. *Farkas v. Williams*, 5 Ill. 2d 417, 431, 125 N.E.2d 600, 608 (1955). Thus, even if plaintiff cannot owe a fiduciary duty to herself as the solely vested beneficiary of the trust as she suggests, plaintiff still owes a fiduciary duty to her children named as contingent beneficiaries. Furthermore, while it is true that plaintiff's trust is revocable, plaintiff has not yet exercised her right to revoke the trust, and, therefore, the rights of plaintiff's children as contingent beneficiaries must be protected by the fiduciary duty owed to them by plaintiff as trustee.

¶ 41 Plaintiff cites to *In re Marriage of Centioli*, 335 Ill. App. 3d 650, 781 N.E.2d 611 (2002), in support of her contention that a contingent beneficiary has a mere expectancy interest rather than a vested interest. However, this case concerns expectancy interests of a beneficiary in a divorce proceeding under the Illinois Marriage and Dissolution of Marriage Act and does not discuss a trustee's fiduciary duty with respect to the Residential Real Property Disclosure Act.

¶ 42 Plaintiff also indicates this court has stated that a fiduciary relationship extends to every possible case "in which there is confidence reposed on one side and a resulting superiority and domination on the other." (Internal quotation marks omitted.) *Maguire v. Holcomb*, 169 Ill. App. 3d 238, 242, 523 N.E.2d 688, 690 (1988). Plaintiff argues this statement implies that one cannot be a fiduciary for oneself. However, plaintiff omits the

13

first part of that statement, which specifically indicates a trustee is a fiduciary:

> "A fiduciary relationship is not limited to cases of trustee and *cestui que trust*, guardian and ward, attorney and client, and other recognized legal relationships, but extends to every possible case in which there is confidence reposed on one side and a resulting superiority and domination on the other." (Internal quotation marks omitted.) *Maguire*, 169 Ill. App. 3d at 242, 523 N.E.2d at 690.

¶ 43 The court's statement that a "fiduciary relationship is not limited to cases of trustee" indicates that trustees are fiduciaries. As mentioned above, Illinois law has consistently held that trustees assume the role of fiduciary and owe a fiduciary duty to both vested and contingent beneficiaries of the trust.

¶ 44 Plaintiff then argues plaintiff's revocable trust is an estate planning trust that should be interpreted under the law on wills. Plaintiff contends the contingent beneficiaries in plaintiff's revocable trust are no different from beneficiaries under a will, and, therefore, the contingent beneficiaries do not have vested interests that trigger a fiduciary duty. We disagree.

¶ 45 Plaintiff points out that courts have found it logical to apply the rules for construing wills to testamentary trusts that differ from wills in form but not in purpose or substance. *Handelsman v. Handelsman*, 366 Ill. App. 3d 1122, 1129, 852 N.E.2d 862, 868 (2006). While plaintiff's reference to *Handelsman* is accurate, it does not apply here because there is no testamentary trust involved. Plaintiff is living and is the trustee of her own revocable trust. The law on wills does not apply to the instant case.

14

¶ 46 Lastly, plaintiff argues public policy considerations conclude that no fiduciary duty existed between plaintiff as trustee and plaintiff's children as contingent beneficiaries of the trust. We disagree.

¶ 47 Plaintiff questions whether contingent beneficiaries have standing to challenge the actions of a trustee of a revocable trust if they are owed a fiduciary duty from that trustee. However, it would be imprudent for a contingent beneficiary to challenge the actions of a trustee who has the power to revoke the trust at will and remove the challenging beneficiary from the trust. Accordingly, we give this concern no weight and reject plaintiff's public policy argument.

¶ 48                                     CONCLUSION

¶ 49 In sum, we find plaintiff had no statutory duty to provide a disclosure form to the buyers of plaintiff's home, and, therefore, defendants had no statutory duty to provide a disclosure form to plaintiff to give the buyers. For the reasons stated herein, we affirm the judgment of the circuit court of Monroe County, Illinois.

¶ 50 Affirmed.

2015 IL App (5th) 140001

NO. 5-14-0001

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| KATHLEEN T. HAWKINS, Not in Her Individual Capacity but as the Trustee of the Kathleen T. Hawkins Trust, u/t/a Dated December 12, 2002, | ) ) ) ) | Appeal from the Circuit Court of Monroe County. |
| | ) | |
| Plaintiff-Appellant, | ) | |
| | ) | |
| v. | ) | No. 11-L-24 |
| | ) | |
| WAYNE VOSS, MARK VOSS, and TIM VOSS, d/b/a Voss Brothers Action Auction Associates, | ) ) ) | Honorable |
| | ) | Dennis B. Doyle, |
| Defendants-Appellees. | ) | Judge, presiding. |

_____

**Opinion Filed:**        April 9, 2015

_____

**Justices:**        Honorable Richard P. Goldenhersh, J.

                Honorable Judy L. Cates, P.J., and
                Honorable Melissa A. Chapman, J.,
                Concur

_____

**Attorney**        Jay M. Huetsch, Adams & Huetsch, 101 East Mill Street, P.O. Box 132,
**for**            Waterloo, IL 62298
**Appellant**

_____

**Attorney**        Timothy A. Gutknecht, Stumpf & Gutknecht, P.C., 222 South Main Street,
**for**            P.O. Box 228, Columbia, IL 62236
**Appellees**

_____