OSCN Found Document:RICKARD v. COULIMORE

 

 
 

 
 RICKARD v. COULIMORE
2022 OK 9
Case Number: 118503
Decided: 01/25/2022
THE SUPREME COURT OF THE STATE OF OKLAHOMA
Cite as: 2022 OK 9, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

Â 

Â 

KEELY D. RICKARD, Plaintiff/Respondent,
v.
JONATHAN P. COULIMORE and ELINOR COULIMORE, individually, and as Trustees under the Coulimore Family Living Trust, U/A/D March 6, 2014, Defendants/Petitioners,
and
JONATHAN P. COULIMORE and ELINOR COULIMORE, individually, and as Trustees under the Coulimore Family Living Trust, U/A/D March 6, 2014, Third-Party Plaintiffs,
v.
MONTY STRICKLAND and CAROUSEL REALTY, INC., d/b/a COLDWELL BANKER CAROUSEL REALTY, Third-Party Defendants.

REVIEW OF A CERTIFIED INTERLOCUTORY ORDER
OF THE DISTRICT COURT OF POTTAWATOMIE COUNTY,
STATE OF OKLAHOMA
HONORABLE JOHN G. CANAVAN, DISTRICT JUDGE

Â¶0 Defendants/Petitioners Jonathan P. Coulimore and Elinor Coulimore created the Coulimore Family Living Trust, U/A/D March 6, 2014 ("the Coulimore Trust"). The Coulimore Trust is a revocable trust, and the Coulimores are the settlors, trustees, and beneficiaries. The Coulimore Trust owned the subject real property, but the Coulimores never occupied it. The Coulimores sold the property to Plaintiff/Respondent Keely D. Rickard. Rickard later sued the Coulimores, individually and as Trustees of the Coulimore Trust, for failure to disclose defects in the property. We previously granted certiorari to review a certified interlocutory order to determine whether the real property transaction is exempt from the Residential Property Condition Disclosure Act (RPCDA), pursuant to 60 O.S.2011 Â§ 838(A)(3). We hold the transaction is exempt from the RPCDA. The order of the district court is affirmed and the case is remanded for further proceedings.

CERTIORARI PREVIOUSLY GRANTED;
ORDER OF DISTRICT COURT IS AFFIRMED;
REMANDED FOR FURTHER PROCEEDINGS.

Kenneth R. Massey, Shawnee, Oklahoma, for Petitioners.

James T. Stuart, Joseph M. Vorndran, Breanne M. Gordon, Stuart & Clover, Shawnee, Oklahoma, for Respondent.

KANE, V.C.J.:

Â¶1 Plaintiff/Respondent Keely D. Rickard purchased the subject residential real property from the Coulimore Family Living Trust, U/A/D March 6, 2014 ("the Coulimore Trust"). Rickard later sued Defendants/Petitioners Jonathan P. Coulimore and Elinor Coulimore, individually, and as Trustees of the Coulimore Trust, for damages from defects they failed to disclose. We granted certiorari to review a certified interlocutory order to determine whether the transaction is exempt from the Residential Property Condition Disclosure Act (RPCDA), 60 O.S.2011 Â§Â§ 831-839. We hold the transaction is a transfer by a fiduciary who is not an owner occupant of the subject property in the course of the administration of a trust and, pursuant to 60 O.S.2011 Â§ 838(A)(3), the transaction is exempt from the RPCDA. We affirm partial summary judgment as to the inapplicability of the RPCDA and remand for further proceedings.

I. FACTS AND PROCEDURAL HISTORY

Â¶2 The undisputed material facts are that the subject residential real property located in Pottawatomie County, Oklahoma, was conveyed to the Coulimores, as husband and wife, in June 2007. The Coulimores created the Coulimore Trust and transferred the subject property to the Coulimore Trust in March 2014. The Coulimore Trust is a revocable trust, and the Coulimores are the settlors, trustees, and beneficiaries of the Coulimore Trust. The Coulimores have never resided in or on the property. Rather, at all relevant times, they lived in the state of Washington and their daughter, son-in-law, and grandchildren lived on the property. In October 2015, Rickard purchased the property from the Coulimore Trust.

Â¶3 Rickard filed the underlying action against the Coulimores on January 29, 2016, alleging they failed to disclose certain defects in the property. Rickard alleges that she was forced to vacate the property due to issues from previous flooding, water, and drainage damage. The parties filed competing motions for summary judgment. The Coulimores argued they were entitled to judgment as a matter of law because there was no duty to disclose the alleged defects under the RPCDA and because Rickard waived her right to inspect the property and any claims at closing. Rickard argued the transaction was exempt from the RPCDA and, therefore, she could pursue common law remedies. The trial court found the transaction was exempt from the RPCDA, pursuant to 60 O.S. Â§ 838(A)(3), and granted Rickard's motion for partial summary judgment as it related to the inapplicability of the RPCDA. The district court certified the order for immediate appeal. The Coulimores filed a petition for certiorari to review the certified interlocutory order, which this Court previously granted. Whether the RPCDA applies is the single issue on appeal.

II. STANDARD OF REVIEW

Â¶4 Summary judgment is reviewed de novo. See Miller v. David Grace, Inc., 2009 OK 49, Â¶ 10, 212 P.3d 1223, 1227. Summary judgment is appropriate only when there is no genuine controversy as to any material fact, and the moving party is entitled to judgment as a matter of law. Id. In this case, the material facts are not in dispute. This appeal requires us to construe 60 O.S.2011 Â§ 838(A)(3). Issues of statutory construction present questions of law, which we review de novo. See Fanning v. Brown, 2004 OK 7, Â¶ 8, 85 P.3d 841, 845. Appellate courts have plenary, independent and nondeferential authority to determine whether the trial court erred in its legal rulings. Id.

Â¶5 The fundamental purpose of statutory construction is to ascertain and give effect to the intent of the Legislature. See City of Durant v. Cicio, 2002 OK 52, Â¶ 13, 50 P.3d 218, 221. To do this, we first look to the language of the statute. Id. If the statutory language is clear and unambiguous, this Court must apply the plain and ordinary meaning of the words. Id.; 25 O.S.2011 Â§ 1. Only when the legislative intent cannot be determined from the statutory language due to ambiguity or conflict should rules of statutory construction be employed. See Keating v. Edmondson, 2001 OK 110, Â¶ 8, 37 P.3d 882, 886.

III. ANALYSIS

Â¶6 The RPCDA provides the sole and exclusive remedy for civil actions for a seller's failure to disclose to the buyer a defect which was actually known to the seller prior to acceptance of an offer to purchase. See 60 O.S.2011 Â§ 837(A)-(B); White v. Lim, 2009 OK 79, Â¶ 17, 224 P.3d 679, 685. The RPCDA applies to most residential real property transactions. See 60 O.S.2011 Â§Â§ 832-833. However, Â§ 838 lists several exemptions. The trial court found the transaction was exempt from the RPCDA pursuant to 60 O.S. Â§ 838(A)(3), which provides:

A. This act does not apply to:

. . .

3. Transfers by a fiduciary who is not an owner occupant of the subject property in the course of the administration of a decedent's estate, guardianship, conservatorship or trust . . . .

60 O.S. Â§ 838(A). Rickard's position is the transaction is exempt and the RPCDA does not apply. The Coulimores' position is the transaction is not exempt and the RPCDA does apply. The Coulimores argue the transaction is not exempt because (1) the transaction was not a transfer by a fiduciary; (2) the Coulimores, as husband and wife, previously owned the property and, therefore, were "owner occupants" of the subject property; and (3) the transfer was not in the course of the administration of a decedent's trust.

A. TRANSFERS BY A FIDUCIARY

Â¶7 The Coulimores argue there is no transfer by a fiduciary when the trustees and beneficiaries are the same people. The Coulimores assert that a fiduciary owes a duty to another and, because they were the settlors, trustees, and beneficiaries of the revocable trust, there was no transfer "by a fiduciary," as required by 60 O.S. Â§ 838(A)(3). The Coulimores point to definitions of "fiduciary" to support their position.[1]

Â¶8 This requires us to construe "fiduciary" as it is used in 60 O.S. Â§ 838(A)(3). We find the Coulimores' argument to be unpersuasive. It is well understood that a trustee is a fiduciary. Similarly, executors, administrators, guardians, and conservators are all fiduciaries. The plain and ordinary meaning of "transfer by a fiduciary," as used in 60 O.S. Â§ 838(A)(3), includes a transfer by a trustee who is not an owner occupant of the subject property in the course of the administration of a trust.[2] There is no indication in the statutory language that the Legislature intended for the exemption to apply when the trustee and the beneficiary are different but not when the trustee and beneficiary are the same. We hold the exemption may apply when the trustee and the beneficiary are the same person.[3]

Â¶9 We further reject the Coulimores' argument that the exemption does not apply because it is not until the death of the settlor that a revocable trust becomes irrevocable and a fiduciary relationship is created between the successor trustee and the remaining beneficiaries. The statutory language is "trust." The Legislature did not distinguish between revocable and irrevocable trusts in 60 O.S. Â§ 838(A)(3). Without such specificity, we understand this to mean all trusts.[4] We presume the Legislature expressed its intent and intended what it expressed--and nothing more. See Thurston v. State Farm Mut. Auto. Ins. Co., 2020 OK 105, Â¶ 16, 478 P.3d 415, 420; McCarter v. State ex rel. Pitman, 1921 OK 149, Â¶Â¶ 2-3, 198 P. 303, 305.

Â¶10 It is undisputed the Coulimores were acting as trustees of the Coulimore Trust when they sold the property to Rickard. The transaction was a transfer by a fiduciary within the meaning of 60 O.S. Â§ 838(A)(3).

B. WHO IS NOT AN OWNER OCCUPANT OF THE SUBJECT PROPERTY

Â¶11 The Coulimores argue they previously owned the subject property in their individual capacities and, therefore, the exemption cannot apply. The pertinent language is: "This act does not apply to . . . transfers by a fiduciary who is not an owner occupant of the subject property . . ." 60 O.S. Â§ 838(A)(3) (emphasis added). It is undisputed the Coulimores have never been occupants of the subject property. However, the Coulimores reason that, because they were in the chain of title, they were "owners" and their prior ownership alone prevents the exemption from applying.

Â¶12 We are not persuaded by this argument. The Coulimores' suggested reading of the statute completely ignores the word "occupant." A statute must be read to render every part operative and to avoid rendering parts superfluous or useless. See Moran v. City of Del City, 2003 OK 57, Â¶ 8, 77 P.3d 588, 591. We will not presume that the Legislature has done a vain or useless act. See Matter of Estate of Fulks, 2020 OK 94, Â¶ 21, 477 P.3d 1143, 1151. Rather, we must interpret legislation so as to give effect to every word and sentence. See Hill v. Bd. of Educ., 1997 OK 111, Â¶ 12, 944 P.2d 930, 933. The plain and ordinary meaning of "owner occupant," as used in 60 O.S. Â§ 838(A)(3) is an owner who occupies the subject property. "Owner occupant" does not mean either an owner or an occupant of the subject property. The owner and seller in this case is a trust.[5] A trust cannot occupy property. But if the trustee of the trust is a natural person, the trustee may occupy the property.

Â¶13 In White v. Lim, 2009 OK 79, 224 P.3d 679, this Court held that the RPCDA expressly prohibited exemplary damages. Id. Â¶ 17, at 685. The buyers in White made the same argument Rickard is making: their claims are exempt pursuant to 60 O.S. Â§ 838(A)(3). However, in White, this Court noted that whether the buyers' claims were exempt from the RPCDA because the sellers acted as fiduciaries in making the transfer was not an issue certified for interlocutory review. Id. n. 3, 224 P.3d at 681. The Court found the issue was not properly before it, but then went on to point out that the buyers had failed to assert that the trustees were not owner occupants of property within the meaning of Â§ 838(A)(3). Id. The Court called attention to conflicting assertions made in the trustees' pleadings as to whether they occupied the home prior to the sale. Id. The footnote suggests the transaction would have been exempt had it been undisputed or otherwise determined that the trustees were not occupants of the subject property. While White does not squarely answer the question presented today, we can glean from the footnote that the Court understood the pertinent language to mean a trustee who is not an occupant of the subject property. Today, we make that clear. We hold that if a trust owns the subject property and the trustee is not an occupant of the subject property, the "not an owner occupant of the subject property" element of the exemption is satisfied.[6]

Â¶14 The Coulimore Trust owned the subject property. The Coulimores are natural persons and the trustees of the Coulimore Trust. It is undisputed that the Coulimores never occupied the subject property. Therefore, the Coulimores were fiduciaries who were not owner occupants of the subject property within the meaning of 60 O.S. Â§ 838(A)(3).

C. IN THE COURSE OF THE ADMINISTRATION OF A DECEDENT'S ESTATE, GUARDIANSHIP, CONSERVATORSHIP OR TRUST

Â¶15 The Coulimores next argue that because they were living at the time of the transaction, the exemption does not apply. The statute provides:

This act does not apply to:

. . .

Transfers by a fiduciary who is not an owner occupant of the subject property in the course of the administration of a decedent's estate, guardianship, conservatorship or trust . . . .

60 O.S. Â§ 838(A). The Coulimores argue "decedent's" modifies each noun that follows: decedent's estate, decedent's guardianship, decedent's conservatorship, decedent's trust. The Coulimores insist there must be a decedent to trigger the exemption, and they are still living. Furthermore, the Coulimores argue "administration of a trust" implies the death of the settlor.

Â¶16 We are not persuaded by the Coulimores' arguments. The plain and ordinary meaning of the words and sentence structure is that "decedent's" attaches to "estate" only. A decedent is not always necessary to administer a trust. Many trusts are administered in whole or in part during the lifetime of the settlors. Similarly, guardianships and conservatorships originate with a living ward.

IV. CONCLUSION

Â¶17 The subject property was owned by the Coulimore Trust. The Coulimores were acting as trustees of the Coulimore Trust when they sold the subject property to Rickard. The Coulimores have never occupied the property. Therefore, the transaction was a transfer by a fiduciary who is not an owner occupant of the subject property in the course of the administration of a trust and, pursuant to 60 O.S. Â§ 838(A)(3), is exempt from the RPCDA.

CERTIORARI PREVIOUSLY GRANTED;
ORDER OF DISTRICT COURT IS AFFIRMED;
REMANDED FOR FURTHER PROCEEDINGS.

CONCUR: Darby, C.J., Kane, V.C.J., Winchester, Edmondson, Gurich, Rowe, and Kuehn, JJ.

DISSENT: Kauger, J.

NOT PARTICIPATING: Combs, J.

FOOTNOTES

[1] Black's Law Dictionary defines "fiduciary" as:

1. Someone who is required to act for the benefit of another person on all matters within the scope of their relationship; one who owes to another the duties of good faith, loyalty, due care, and disclosure 2. Someone who must exercise a high standard of care in managing another's money or property.

Black's Law Dictionary (11th ed. 2019). Rickard primarily relies on Mamoodjanloo v. Wolf, 2008 OK CIV APP 59, 190 P.3d 1170, to support her argument the transaction is exempt from the RPCDA. In Mamoodjanloo, the trustees of a revocable trust sold real property owned by the trust. See id. Â¶ 4, at 1171. The Court of Civil Appeals determined the property transfer was exempt under 60 O.S. Â§ 838(A)(3). Id. Â¶Â¶ 11-12, at 1172-73. However, whether the trustees were fiduciaries within the meaning of the statute was not disputed. The issue presented in this case was neither raised nor analyzed in Mamoodjanloo.

[2] In Hawkins v. Voss, 29 N.E.3d 1233 (Ill. App. Ct. 2015), a case that was not cited by either party, the Appellate Court of Illinois was presented with this question of law and reached the same conclusion. The Illinois court reasoned:

[Seller's] attempt to separate the terms "fiduciary" and "trustee" fails, as a fiduciary in the course of the administration of a trust and a trustee in the course of the administration of a trust are directly related. . . . Illinois law has consistently held that trustees assume the role of a fiduciary. The fact that the trustee and beneficiary are the same person in the instant case does not erase the fiduciary role [seller] assumes in acting as trustee in the course of administering the trust. Accordingly, [seller's] argument that she was acting as a trustee but not a fiduciary is incorrect, as she was acting in both the role as trustee and fiduciary.

Id. at 1238-39.

[3] This holding protects the sanctity of the revocable trust, which is a commonly used estate planning tool. A holding that the trustee and beneficiary must be different would give buyers and real estate agents reason to delve into the terms of sellers' trust instruments for the purpose of identifying beneficiaries to determine if the transaction is exempt from the RPCDA.

[4] If the Legislature intended something else, it may clarify its intent with a statutory amendment. For example, California's comparable, but more specific, exemption provides:

This article does not apply to the following:

. . .

(d) Sales or transfers by a fiduciary in the course of the administration of a trust, guardianship, conservatorship, or decedent's estate. This exemption shall not apply to a sale if the trustee is a natural person who is a trustee of a revocable trust and is a former owner of the property or was an occupant in possession of the property within the preceding year.

Cal. Civ. Code Â§ 1102.2 (Westlaw, current with all laws through Ch. 770 of 2021 Reg. Sess.).

[5] As defined by the RPCDA, "'[s]eller' means one or more persons who are attempting to transfer a possessory interest in property . . . ." 60 O.S.2011 Â§ 832(2). "'Person' means an individual, corporation, limited liability company, partnership, association, trust or other legal entity or any combination thereof . . . ." Id. Â§ 832(6).

[6] Again, if the Legislature intended something else, they have the opportunity to provide clarification. See supra note 4.

Â