OSCN Found Document:HERRERA-CHACON v. STATE

 

 
 

 
 
 
 
 Previous Case

 
 Top Of Index

 
 This Point in Index

 
 Citationize

 
 Next Case

 
 Print Only

 
 
 

 
 HERRERA-CHACON v. STATE
2023 OK 52
Case Number: 120985
Decided: 05/01/2023
THE SUPREME COURT OF THE STATE OF OKLAHOMA

Cite as: 2023 OK 52, __ P.3d __

 
NOTICE: THIS OPINION HAS NOT BEEN RELEASED FOR PUBLICATION. UNTIL RELEASED, IT IS SUBJECT TO REVISION OR WITHDRAWAL. 

 

 

CARLOS HERRERA-CHACON, Appellant,
v.
STATE OF OKLAHOMA, ex rel. SERVICE OKLAHOMA, Appellee.

ORDER

¶1 Appellant's Motion to strike Appellee's Answer Brief for lack of standing is hereby denied.

¶2 Through legislation effective May 19, 2022, the Legislature created a new division of the Office of Management and Enterprise Services named Service Oklahoma. The Legislature fully transferred all the powers, duties, and responsibilities previously exercised by the Driver License Services Division of the Department of Public Safety to Service Oklahoma. All employees of the Driver License Services Division of the Department were transferred to Service Oklahoma as well. 47 O.S. Supp. 2022, § 3-101. See Laws 2022, c. 282, § 1, emerg. eff. May 19, 2022.

¶3 Numerous statutes were amended in conjunction to reflect the transition of these duties and powers of the Department to Service Oklahoma. 47 O.S. Supp. 2022, § 6-211, which provides for the right to appeal a driver license revocation, suspension, cancellation, or denial to the district court, was amended. References to "the Department" were stricken and replaced with "Service Oklahoma." Laws 2022, HB 3419, c. 282, § 72, emerg. eff. May 19, 2022.

¶4 However, a second version of 47 O.S. Supp. 2022, § 6-211 was enacted into law during the second regular legislative session which became effective November 1, 2022. Laws 2022, SB 366, c. 376, § 2, eff. November 1, 2022. In this version, references to the Department were not removed. New language was added retaining references to the Department.

¶5 Appellant takes the position that through enacting this second version of 47 O.S. Supp. 2022, § 6-211, which references the Department, the Legislature did not intend to transfer the Department's appeals and revocations duties to Service Oklahoma as those duties relate to persons operating or being in actual physical control of a motor vehicle while under the influence of intoxicants.

¶6 Appellant reasons that certain statutes cited in the second version of 47 O.S. Supp. 2022, § 6-211 relating to persons operating or being in actual physical control of a motor vehicle while under the influence of intoxicants also retain references to the Department and omit references to Service Oklahoma. Appellant further argues that since the aforementioned duties and powers were not transferred to Service Oklahoma they remain with the Department, thus Service Oklahoma has no standing to defend this appeal as Service Oklahoma is not the real party in interest.

¶7 The Court does not agree. The primary goal of statutory construction is to ascertain and give effect to the legislative intent and purpose as expressed by the statutory language. American Airlines, Inc. v. State ex rel. Oklahoma Tax Commission, 2014 OK 95, ¶ 33, 341 P.3d 56. To do this, we first look to the language of the statute. Rickard v. Coulimore, 2022 OK 9, 5, 505 P.3d 920, 923. If the statutory language is clear and unambiguous, this Court must apply the plain and ordinary meaning of the words. Id. (citing 25 O.S.2011 § 1). Only when the legislative intent cannot be determined from the statutory language due to ambiguity or conflict should rules of statutory construction be employed. Rickard, 2022 OK 9, 5, 505 P.3d at 923.

¶8 Where a statute's meaning is uncertain it is to be given a reasonable construction, one that will avoid an absurd result if this can be done without violating legislative intent. Odom v. Penske Truck Leasing Co., 2018 OK 23, ¶ 35, 415 P.3d 521. Different provisions in an Act may be considered together with other enactments on the same subject to resolve ambiguities. American Airlines, at ¶ 33. Conflicts between statutory provisions will be resolved in favor of a construction which promotes, rather than limits, the Legislature's intent and an act's purpose. Oklahoma Ass'n of Broadcasters, Inc. v. City of Norman, 2016 OK 119, ¶ 27, 390 P.3d 689.

¶9 The plain language in 47 O.S. Supp. 2022, § 3-101 establishes the Legislature's intent to fully transfer all the powers, duties, and responsibilities of the Driver License Services Division of the Department to Service Oklahoma, without exception. All employees whose duties were transferred under the Act were transferred to Service Oklahoma, without exception. At the same time, the plain language in the second version of 47 O.S. Supp. 2022, § 6-211 and the statutes cited therein continue to contemplate the Driver License Services Division of the Department's role in driver license revocations and appeals in implied consent cases. However, those powers, duties, and responsibilities were transferred from the Driver License Services Division of the Department to Service Oklahoma by 47 O.S. Supp. 2022, § 3-101. Clearly, there are conflicts and inconsistencies between the statutory provisions.

¶10 As a result, rules of statutory construction must be employed. We are to construe 47 O.S. Supp. 2022, § 6-211 in a manner that avoids an absurd result and gives effect to the intent of the Legislature. It would be absurd to construe 47 O.S. Supp. 2022, § 6-211 to mean that the Driver License Services Division of the Department continues to have powers, duties, and responsibilities over driver license revocations and appeals in implied consent cases when the Driver License Services Division of the Department no longer exists. We are to construe 47 O.S. Supp. 2022, § 6-211 in a manner that promotes the Legislature's intent, which, clearly, was to transfer all the powers, duties, and responsibilities of the Driver License Services Division of the Department to Service Oklahoma, pursuant to 47 O.S. Supp. 2022, § 3-101.

¶11 Based on the foregoing, the Court concludes that certain references to the Department which were not removed from the second version of 47 O.S. Supp. 2022, § 6-211 must be deemed the result of an unintentional oversight, rather than the Legislature's intent to carve out an exception for implied consent cases.

¶12 Based on the foregoing, Appellee Service Oklahoma has standing to appear and defend the State of Oklahoma in this Cause.

¶13 Appellant's Motion to strike Appellee's Answer Brief for lack of standing is hereby denied.

¶14 DONE BY ORDER OF THE SUPREME COURT IN CONFERENCE THIS 1ST DAY OF MAY, 2023.

/S/CHIEF JUSTICE

Kane, C.J., Kauger, Winchester, Edmondson, Darby and Kuehn, JJ., concur;

Rowe, V.C.J. and Gurich, J., dissent;

Combs, J., concurs in result.

 

 Citationizer© Summary of Documents Citing This Document
 
 
 
 Cite
 Name
 Level
 
 
 
 None Found.
 
 
 Citationizer: Table of Authority
 
 
 
 Cite
 Name
 Level
 
 
 
 Oklahoma Supreme Court Cases

 
Cite
Name
Level

 
2014 OK 95, 341 P.3d 56, 
AMERICAN AIRLINES, INC. v. STATE ex rel. OKLAHOMA TAX COMMISSION
Discussed

 
2016 OK 119, 390 P.3d 689, 
OKLAHOMA ASSOC. OF BROADCASTERS, INC. v. CITY OF NORMAN
Discussed

 
2018 OK 23, 415 P.3d 521, 
ODOM v. PENSKE TRUCK LEASING CO.
Discussed

 
2022 OK 9, 505 P.3d 920, 
RICKARD v. COULIMORE
Discussed at Length

Title 25. Definitions and General Provisions

 
Cite
Name
Level

 
25 O.S. 1, 
Meaning of Words
Cited

Title 47. Motor Vehicles

 
Cite
Name
Level

 
47 O.S. 6-211, 
Right of Appeal to Court
Discussed at Length

 
47 O.S. 3-101, 
Creation - Driver License Services Division, Motor Services Division, Transferred
Discussed at Length

 
 

 
 
 
 

 
 

 
 
 
 oscn
 
 EMAIL: webmaster@oscn.net
 Oklahoma Judicial Center
 2100 N Lincoln Blvd.
 Oklahoma City, OK 73105
 
 
 courts
 
 Supreme Court of Oklahoma
 Court of Criminal Appeals 
 Court of Civil Appeals
 District Courts
 
 
 
 decisions
 
 New Decisions
 Supreme Court of Oklahoma
 Court of Criminal Appeals
 Court of Civil Appeals
 
 
 
 programs
 
 The Sovereignty Symposium
 
 Alternative Dispute Resolution
 Early Settlement Mediation
 Children's Court Improvement Program (CIP)
 Judicial Nominating Commission
 Certified Courtroom Interpreters
 Certified Shorthand Reporters
 Accessibility ADA
 
 
 
 
 
 
 
 
 Contact Us
 Careers
 Accessibility ADA